# SUPREME COURT.

## EDWARD WORDEN agt. JACOB B. BROWN.

Courts of *justices of the peace* are courts of special and limited jurisdiction;
they can exercise no *jurisdiction* except where it is *distinctly and expressly
conferred.*

The Code (§ 53) specifies distinctly the causes of action and particular cases of
which justices of the peace shall have jurisdiction, and confers and defines
their jurisdiction. There are no general words or terms, like *trespass, as-
sumpsit,* or *trespass on the case,* within which other causes of action may be
embraced.

Whether, in the framing and passage of the Code, it was a predetermination at
all hazards not to use the name of an old common-law action, or from an over-
sight, it seems that quite a class of cases is omitted, in which justices of the
peace formerly had jurisdiction, under the comprehensive description of *ac-
tions on the case;* such, for instance, as an action against a justice for a false
return.

Of course, such an *action is necessarily brought in the supreme court;* but if
the plaintiff does not recover $50 he cannot recover *costs,* because § 304 only
gives costs of course to the plaintiff in the actions specified in § 54 of the Code,
where a justice of the peace has no jurisdiction, and this action is not there
specified, and there are no other provisions to cover it.

In most such cases, therefore, as in this, the result will be a drawn battle. The
plaintiff will whip the justice, for making a false return, to the extent of some
$33, and the defendant will turn around and whip the costs out of the plaintiff
sufficient to pay it.

*Monroe Special Term, July,* 1857.

THIS was an action brought against the defendant, a justice
of the peace, for a false return. The cause was tried at the
last April circuit in Monroe county, when the plaintiff obtained
a verdict against defendant for thirty-three dollars and sixteen
cents.

The plaintiff's attorney served the usual notice of taxation
of costs and disbursements before the clerk of Monroe county,
insisting that he was entitled to costs.

The defendant's attorney appeared before the clerk, and
there insisted that the defendant was entitled to costs, and pre-
sented the same for adjustment.

The clerk held that the plaintiff was entitled to costs, and taxed the same at $135.55.

From his decision and taxation the defendant appealed to the special term.

Geo. P. Townsend, *for appellant.*

Jno. C. Chumasero, *for respondent.*

E. Darwin Smith, Justice.   The plaintiff claims to recover costs in this action on the ground that the suit was necessarily brought in this court.

Section 304 of the Code gives costs of course to the plaintiff upon a recovery—1st. In actions for the recovery of real property, or when a claim of title to real estate comes in question. 2d. In an action to recover possession of personal property. 3d. In actions of which, according to § 54, a court of a justice of the peace has no jurisdiction.   4th. In actions for the recovery of money, when the recovery is $50, or more.

But in actions of assault, battery, false imprisonment, libel, slander, malicious prosecution, criminal conversation or seduction, if the plaintiff recover less than $50, he shall recover no more costs than damages.

This case does not come within the specification of this last subdivision, or within either of the other subdivisions, unless it may be the third.   That subdivision gives costs in all cases where the justices of the peace have no jurisdiction under § 54.

Section 54 is as follows :—" But no justice of the peace shall have cognizance of a civil action—

"1st. In which the people of this state are a party, except for penalties not exceeding $100.

" 2d. Nor where the title to real property shall come in question, as provided in §§ 55 to 62 inclusive.

"3. Nor of a civil action for an assault and battery, false imprisonment, libel, slander, malicious prosecution, criminal conversation, or seduction.

" 4. Nor of a matter of account, where the sum total of the

accounts of both parties, proved to the satisfaction of the justice, shall exceed $400.

"5. Nor of an action against an executor or administrator, as such."

Clearly this action does not come within any of the specifications of this section. But it is claimed, by counsel for the plaintiff, that §§ 53 and 54 are to be construed together, to show what jurisdiction is possessed by justices of the peace; and as it is clear that this action could not, within the jurisdiction conferred in these two sections, have been brought in a justice's court, that the equity of the provision in § 304 in respect to costs, where the justice has not jurisdiction, applies, and that costs should therefore be allowed.

Section 53 confers and defines the jurisdiction of justices of the peace. It specifies in nine subdivisions the particular cases in which justices of the peace shall have jurisdiction.

As the courts of justices of the peace are courts of special and limited jurisdiction, they can exercise no jurisdiction except where it is *distinctly* and *expressly conferred.*

The specifications or subdivisions of this section 53 confer no authority upon a justice of the peace to try an action for a false return. Discarding, as the codifiers did, the common-law names of actions, they were driven to the necessity of specifying distinctly the causes of action of which justices of the peace should have jurisdiction, and have omitted quite a class in which they formerly had jurisdiction, under the comprehensive description of *actions on the case.*

The causes of action, of which justices may take jurisdiction, are very explicitly defined or specified in this section, and there are no general words, or terms, like *trespass, assumpsit,* or *trespass on the case,* within which other causes of action may be embraced.

Justices of the peace clearly have no jurisdiction of such an action as this. But there is no general provision giving costs in cases where justices of the peace have not jurisdiction. The provision in § 304 is all the provision in the Code on the sub-

ject, and that is expressly limited to the causes of action specified in § 54, and cannot be extended.

Costs must be expressly given by some statute, to be recovered.

The plaintiff could only sue in this court, but the legislature has made no provision for costs in such a case, unless the party recovers $50. The case was, doubtless, overlooked by the codifiers. It is a *casus omissus;* but the legislature alone can supply the remedy.

The plaintiff, not having recovered $50, cannot recover costs, but is liable to pay costs to the defendant, under § 305 of the Code.

The decision of the clerk allowing costs to the plaintiff must be reversed, and the clerk must adjust the defendant's bill, and insert the sum in the judgment.

Neither party to have costs upon this appeal, as it is a new question, and it is not usual to give costs in this class of motions.