## WILLIAM H. SALTER v. SARAH PARKHURST.

Interest upon the separate items of a mutual running account will be allowed only from the time of the liquidation of the amount, in the absence of proof as to when the account was rendered, or that the amounts of the items were specifically agreed on, or that there was some proof of a custom to charge interest.

The District Courts in the city of New York have no jurisdiction of an action brought to charge the separate estate of a married woman for a debt contracted by her with reference to such estate.

After the removal of a cause from a District Court to the Court of Common Pleas (pursuant to Laws of 1857, ch. 344, § 3), the issues cannot be so changed that a subject not of original jurisdiction may be litigated against the consent of one of the parties. Hence it is error to allow the plaintiff, on the trial of a cause removed from a District Court, to amend his complaint by changing the demand against the defendant to one incurred by her as a married woman, and as a charge upon her separate estate.

THIS was an appeal from a judgment entered on the report of a referee in favor of the plaintiff.

The action was commenced in the Sixth District Court, for goods sold and delivered after issue joined; the defendant filed the requisite bond, and the case was removed to the Court of Common Pleas.

After removal, the parties pleaded anew, the plaintiff claiming for goods sold and delivered. The action was referred, and on the trial before the referee, plaintiff was allowed to prove, under defendant's exception, that at the time of the sale and delivery of the goods, defendant, although a married woman, had a separate estate, consisting of an income arising out of real estate, and that she agreed to pay for the goods out of such separate estate.

After giving such evidence, plaintiff was allowed by the referee, under defendant's exception, to amend his complaint by inserting the following allegation: That the defendant, at the time of the sale and delivery aforesaid of said goods, possessed a separate estate or income arising from real estate in the city of New York, and charged the same with the payment of the claim in this action.

The plaintiff proved an assigned demand consisting of fourteen different items for goods sold and delivered at divers times, commencing May 20, 1855, and ending November 14, 1857, amounting in all to $185.

The referee in his report, allowed plaintiff interest on the said several items separately, from the time of the sale to the date of the report. The referee also found that at the time of such sales and delivery, defendant was a married woman, and possessed a separate estate, and that she intended to charge and did charge such separate estate with payment of said items of merchandise, and that such indebtedness was a lien upon the separate estate and income of the defendant, and that plaintiff was entitled to the appointment of a receiver.

*S. C. Conable*, for appellant.

*A. O. Salter*, for respondent.

BRADY, J.—The District Courts of this city have not jurisdiction of action brought to charge the separate estate of a married woman for a debt contracted by her with reference to that estate, and an action brought in such a court cannot, after removal to this court, be changed in its character by this court, or by a referee. Whatever opinion may have been entertained on this subject prior to that decision, I think the case of *Smith* v. *White* (23 N. Y. Rep. 572) determines that the issues created by the pleadings in the court below, are those to be tried on its removal to this court, and that it continues in all respects to be an action in a District Court, the trial of which is to be had in this court. If it be not so, then an appeal could be taken to the Court of Appeals, without an order allowing it to be done by this court. The removal cannot be made until after issue joined (Act 1857, § 3, subd. 3), and the issues cannot be so changed that a subject not of original jurisdiction may be litigated against the consent of one of the parties. For these reasons I think the referee erred in allowing the complaint to be amended by changing the demand against the defendant, to

one incurred by her as a married woman, and as a charge against her separate estate.

Judgment should be reversed.

CARDOZO, J.—Reading the evidence in this case in the most favorable way in support of the referee's report, the case presents the following facts: On the first day of January, 1849, Albert Salter, the assignor of the plaintiff, was indebted to the defendant in the sum of $200, for money borrowed, for which, on that day, he made his promissory note bearing interest. On the 6th of February, 1852, he made a payment of $100, leaving then due to the defendant, of principal and interest, $142.20.

In 1854, and thence at intervals down to November 14, 1857, the defendant ordered certain work to be done for, and goods to be delivered to, her husband and her son, for which she promised to pay out of her separate estate, it being understood that so far as it would extend, the amount should be applied in reduction of her claim upon the note. She ordered goods and work amounting in value to the sum of $185. The referee bases his report upon the theory that this state of facts constituted a mutual and current account between the parties, and that, therefore, the statute of limitations, which each side has pleaded, does not apply either to the note or the items for work done and goods delivered on the promise of the defendant more than six years before the commencement of the suit.

Assuming this to be correct, I still think it clear that the referee's 'report should not stand. I do not stop to consider whether his view of the nature of the account be correct, because if it be not, the note in favor of the defendant, and the whole account in favor of the plaintiff, except the sum of $18 and interest, would be barred by the statute of limitations, and the referee's report would then be wrong. But I am of opinion that, conceding the account to be a mutual running one, the referee has erred in making and stating it. He has allowed the plaintiff interest on each item from its date in the account, without any proof either as to when the account was rendered, or that the price of the articles was specifically agreed upon, or that

there was any custom to charge interest. Under such circumstances, interest is recoverable only from the time the amount is liquidated (*Esterly* v. *Cole*, 3 N. Y. 502). A demand for payment was testified to, but the time when it was made was not proven, and therefore interest could only be allowed from the commencement of the suit.

Judgment reversed, and new trial ordered. Costs to abide the event.