Ludwig v. Minot.

HERMAN LUDWIG et al. v. HENRY N. MINOT et al.

A suit was commenced in a District Court, in which the plaintiff claimed to recover $260 and interest. The suit was removed to the Common Pleas, where a judgment was recovered for the full amount claimed. On appeal from that judgment, Held, that the fact that not more than $250 could have been recovered in the District Court, did not render it invalid. When the cause is transferred to this court, it becomes subject to all the general rules of practice and principles of law governing cases of like character as to which this court has original jurisdiction.

APPEAL by defendants from a judgment of this court, entered on the verdict of a jury.

The suit was originally commenced in the 8th District Court, where a summons was issued for $250, but the amount claimed in the complaint was $260, besides interest. After issue joined, the cause was removed to this court, where it was tried, and a verdict for the plaintiffs rendered for $260 and interest.

*John B. Fogerty*, for appellants.

*David McAdam*, for respondents.

By the Court.*—Robinson, J.—This action was commenced in the District Court of this city, for the 8th Judicial District, and removed to this court under the provisions of the act of 1857, chap. 344, § 3. The claim in the court below was for sums amounting to $260 principal, and interest. This was no error if the recovery was limited to $250, the amount of the jurisdiction of that court. The defendants, having applied for and obtained a removal of the cause to this court have, after trial had, a judgment recovered against them for the full sum of $260, besides costs ; and they, on this appeal, claim not only error in the judgment because the recovery exceeded $250, but that it was absolutely void for mistrial, because the verdict exceeded the jurisdiction of the District Court. It is apparent from the record, that such recovery was for less than $250 and interest until verdict.

I am of the opinion there is no such error.

I. Although this court has acquired jurisdiction by appeal from a District Court, where the recovery was limited to $250, the cause being thus removed, it became subject to all the general rules of practice and principles of law governing cases of like character, as to which this court had original jurisdiction. In the administration of justice, as authorized by its constitutional powers, it has not two courses, one for causes brought into it by due process of removal from inferior courts, and another for those originally commenced therein. The removal of the cause into this court (in which the defendants were the actors) attached to it all the incidents of jurisdiction appertaining to this court—the unrestrained right of the court to declare the rights of the parties upon the case presented, and to give final judgment in accordance with its determination. The appellants refer to no authority for any assimilation of the powers of this court in such a case, to those of the District

---

* Present, Daly, Ch. J., Robinson and Loew, JJ.

Court, and the limitations upon its powers, growing out of the consideration that such as it possesses are only those conferred by express provision of law.

II. Had any injustice been done the appellants, this court is not constrained by any such Procrustean views as are suggested by the appellants, nor bound to reverse this judgment, because the verdict and judgment entered thereon exceeded $250. On such an appeal it may (Code, § 330) " reverse, affirm, or modify the judgment appealed from," and affirm as to part and reverse as to the residue (*Story* v. *N. Y. & H. R. R. Co.* 6 N. Y. 86).

Had any injustice been done the appellants (defendants) by the judgment (which is not complained of except upon technical grounds), the modification in accordance with the justice and merits of the transaction might be made.

None such is disclosed, and the judgment should be affirmed.

Judgment affirmed.