JAMES G. POWERS et al., Appellants, *v.* ANTON GROSS, Respondent.

A plaintiff in an action, the subject-matter of which is within the jurisdiction of a court of a justice of the peace, cannot, by merely demanding judgment for a sum exceeding the jurisdiction of that court, oust it of jurisdiction, and thereby entitle himself to full costs in a superior court wherein he brings the action upon a recovery of a nominal sum; the recovery is conclusive of the amount in controversy, as affecting the question of costs.

Accordingly *held,* where plaintiff, in an action in the Supreme Court for the conversion of property, demanded judgment for $500, but recovered only thirty-five dollars, that defendant was entitled to costs.

(Submitted June 6, 1876 ; decided June 13, 1876.)

THIS was an action for the conversion of personal property, alleged in the complaint to be of the value of $446. Judgment was demanded for $500.

The case was tried by a jury, who rendered a verdict in favor of plaintiffs for thirty-five dollars. Both parties claimed to be entitled to costs, and presented their bills for taxation. The clerk taxed defendant's costs, and refused to tax plaintiffs'. Plaintiffs moved for an order setting aside the taxation, and directing the clerk to adjust costs in favor of plaintiffs, which motion was denied. (Reported below, 6 Hun, 234.)

Plaintiffs claimed that, as by section 304 of the Code, costs were allowed, of course, to plaintiffs upon a recovery in an action, of which a court of a justice of the peace had no jurisdiction (sub. 3), and by section 53 it was provided that justices of the peace should only have jurisdiction in an action for damages to rights pertaining to property, if the damages claimed do not exceed $200; and as the claim here was over that sum, a Justice's Court had no jurisdiction, and he was entitled to costs. *Held*, as above; the court stating that the actions referred to in subdivision 3 of section 304 are those in which, by section 54, a justice has no jurisdiction; that, while in an action in Justice's Court a plaintiff might put himself out of court by claiming over $200 damages, he could not by his own act affect the rights of his adversary and put him to the costs of a court of record by an excessive claim of damages.

*Estes & Barnard* for the appellants.

*Dailey & Perry* for the respondent.

ALLEN, J., reads for affirmance.
All concur.
Judgment affirmed.