## SUPREME COURT.

### Combs and another agt. Combs.

*Costs—upon appeal from justice's judgment to general term are discretionary — Such costs cannot be taxed unless awarded—What costs apply only to courts of record — Code of Civil Procedure, sections 3228, 3238, 3347.*

Where the costs are in the discretion of the court, they are not recoverable unless specially awarded, and when none are awarded the party must establish that he is entitled to them as of right on the affirmance, or he cannot recover them.

Where the defendant carried an appeal from the judgment of a justice's court to the general term of the supreme court, and the judgment was there affirmed, the entry of the decision being simply "judgment affirmed," without any direction as to costs:

*Held,* that the plaintiff was not entitled, of course, to costs upon appeal, and that the costs being in the discretion of the court, and not having been awarded to the plaintiff, they could not be taxed.

The costs awarded by section 3228 of the Code of Civil Procedure, apply only to actions in certain of the courts of record.

As section 3228 has reference to actions in certain courts of record only, and as by subdivision 2 of section 3238, in every other case upon appeal from a final judgment, the costs are in the discretion of that court, it follows that on an appeal from a justice's judgment to the general term of the supreme court, the costs are in the discretion of the court, and cannot be taxed unless awarded (*See Clark* agt. *Carroll,* 61 *How.*, 47).

*Monroe Special Term, March,* 1881.

Motion by defendant to strike out the costs of appeal inserted in a judgment of affirmance, on appeal from a judgment of a justice's court to the general term of the supreme court. The facts are fully stated in the opinion.

*J. M. Dunning,* for motion.

*J. B. Bennett,* opposed.

Rumsey, *J.* — This action was originally brought in a justice's court, and the plaintiff recovered a judgment.

Combs agt. Combs.

On appeal to the county court the judgment was modified to some extent, and as modified affirmed, without costs to either party. From the judgment of the county court the defendant appealed to the general term, where the judgment was affirmed, the entry of the decision being simply "judgment affirmed," with no direction as to costs of the appeal. The plaintiff claiming that he was entitled to costs as of right, taxed the costs of his appeal against defendant's objection, and entered a judgment of affirmance, and for $142.18 costs. The defendant now moves to strike these costs out of the judgment.

It is conceded that where the costs are in the discretion of the court they are not recoverable unless specially awarded (*Commissioners of Pilots* agt. *Spofford*, 3 *Hun*, 52). And, as none were awarded, the plaintiff must establish that he is entitled to them as of right on the affirmance, or he cannot recover them.

The question is, whether in an appeal of this kind the award of costs is governed by subdivision 1 of section 3238 of the Code of Civil Procedure, or by subdivision 2 of that section. A short examination of the regulations of the Code regarding costs will enable us to decide this question.

The Code of Civil Procedure contains provisions by which the right to costs, and the amount of costs in all actions and in every court are regulated as to each class of courts. The rules for costs are stated in the chapter which prescribes the practice in those courts. Thus the regulations as to costs in surrogates' courts are found in section 2558, *et seq.*; and the regulations as to costs of justices of the peace are at title 9, chapter 19, which is the chapter regulating proceedings in those courts. The general regulations respecting costs are found in chapter 21 of the Code. The first section of that chapter (*sec.* 3228) prescribes the class of actions in which plaintiff is entitled to costs, of course. It is apparent that the actions there mentioned are those which must be brought in certain of the courts of record, and of which justices of

the peace have no jurisdiction, for the costs in such actions are prescribed in title 9, chapter 19.

By reference to section 3347, subdivision 13, we find that this section 3228 applies only to an action in the supreme court, the superior city courts, &c., and in construing section 3228 it should be read as though subdivision 13 of section 3347 was incorporated with it thus : " The plaintiff is entitled to costs, of course, upon the rendering of a final judgment in his favor in either of the following actions, *triable in the supreme court, &c.*" Thus constructed the rules of the Code are complete and uniform, and apply to all courts and all actions in courts of original jurisdiction, and not on appeal.

Section 2558 and those following prescribe the rules for surrogates' courts. Title 9, chapter 19, lays down the rules applicable to justices' courts, and chapter 21, sections 3228 to 3236, control the award of costs in actions which may be tried in the supreme court.

But none of these sections control the award of costs in appeals in the supreme court (3237). As to those, section 3238 alone controls. Turning to that section, we see that it prescribes, in subdivision 1, the only cases in which costs on appeal are a matter of right, and those cases are simply in the actions specified in section 3228.

We have seen that that section refers to cases which are tried in courts of record (not including surrogates' courts), and to no others. In every other action costs are in the discretion of the court. This action is clearly, to my mind, not one of those specified in section 3228, and the costs not having been awarded to respondent, she cannot be taxed. It follows that the costs of the appeal were not properly inserted in the judgment.

But it appears from the papers, that a portion of this judgment consists of eighteen dollars and twenty-five cents, awarded to plaintiff by the general term on a former appeal, and it seems to be conceded that those costs have not been

paid. The plaintiff had the right to tax those costs in the final judgment (*Code of Civil Procedure*, sec. 779).

The judgment should be corrected by striking out the sum of $123.93 taxed as costs of general term, but without costs of motion.