ALFRED LALLEMAND, Plaintiff, *against* FERNAND FERE *et al.*, Defendants.

[SPECIAL TERM.]

(Decided November 27th, 1886.)

In an action removed from a district court in the city of New York, this court has power to allow amendments of the pleadings, within the limits of the jurisdiction of the district court, and of its powers to grant amendments.

MOTION by defendant in an action for leave to serve an amended answer.

The facts are stated in the opinion.

*George F. Duysters*, for the motion.

*Henry A. Vien*, opposed.

BOOKSTAVER, J. — Motion for leave to serve an amended answer setting up the defense of payment.

This action was commenced in the Eighth District Court, February 6th, 1886. Issues were joined in that court February 11th, 1886. The pleadings were oral; the complaint being for work, labor, and services, and the answer a general denial.

At the time of joining issue, defendants gave a bond to remove the action to this court; and, the sureties having justified, the action was removed to this court February 17th, 1886. Defendants noticed the action for trial March 23d, 1886; but the order requiring written pleadings was not made until September 23d, 1886. On September 27th a written complaint was served, which was substantially the same as the oral complaint in the court below. Defendants' time to answer was extended until November 6th, 1886, when they served an answer, which was in substance a general denial. On November 17th, 1886, defendants served an amended answer, setting up the defense of payment. This answer was returned to the defendants' attorney, on the ground that it did not conform to the pleadings in the court below.

The defendants thereupon moved to amend the order directing written pleadings to be served, by striking out that portion directing such pleadings " to conform to the oral pleadings " in the court below, and for leave to serve an amended answer setting up payment.

To this plaintiff interposes two objections:

First. That the defendants have been guilty of laches.

Second. That this court has not power to grant amendments to the pleadings in actions removed from the district courts.

In respect to the first objection, it is sufficient to say that the written complaint and bill of particulars were not served until September 27th; that the defendants' attorney was then sick, and had been for some time, and that he did not see the bill of particulars showing that a part of the claim was for salary for the month of December, 1885, until a few days ago, and that he moved promptly as soon as the fact of this claim was discovered.

It is true, the plaintiff's attorney claims that he served a bill of particulars before the cause was removed from the district court; but this service, the plaintiff admits, was made by mail, pending the proceedings to remove the cause. I can see no reason why this should have been

done; but if it was, defendants' attorney denies having received it. And I think, upon the papers submitted to me, the defendants should be allowed to serve the amended answer, if this court has power to grant amendments in such cases.

Had this case remained in the district court, that court would undoubtedly have had the power to allow the amendment now proposed (*Reeder* v. *Sayre*, 70 N. Y. 180; *Stern* v. *Drinker*, 2 E. D. Smith 402).

Indeed, it is made the duty of those courts to allow amendments to the pleadings in the furtherance of justice at any time before final judgment (Code Civ. Pro. § 2944).

Has this court less power, when such actions are removed to it?

Plaintiff contends that the issues made by the pleadings in the court below are those to be tried on the removal of an action to this court, and that there can be no amendment to them. In aid of his contention he cites *Smith* v. *White* (23 N. Y. 572); *Salter* v. *Parkhurst* (2 Daly 240); *Fagan* v. *Poor* (Daily Reg. August 17, 1886).

I do not think these cases support him.

*Smith* v. *White* only decides that where an action has been removed from a district court to this court, no appeal will lie to the Court of Appeals from a judgment of this court without an order of the General Term allowing such appeal. This decision is based upon the theory that the action continues in its nature to be an action in a district court, although removed to this court for trial.

As a corollary to this it would seem that neither party should be deprived of any of the rights which they would have in the court below by reason of such removal, including, of course, the right to amend the pleadings to the same extent, and within the same limits, that might have been allowed had no such removal taken place; and I find nothing in the opinion of the Court of Appeals in variance with this view.

The case of *Salter* v. *Parkhurst* (*supra*), at first sight, lends more countenance to plaintiff's contention. In that

case, after the removal of the action to this court, it was referred. On the trial before the referee he allowed the complaint to be amended so as to charge the defendant's separate estate, she being a married woman. This amendment made the gist of the action one of which the district court did not have original jurisdiction, and this court decided that it was error to allow such an amendment. This was all there was before the court for decision, and, I think, was all the court intended to decide.

It is true that in the course of the decision, BRADY, J., in speaking of *Smith* v. *White*, says that the case "determines that the issues created by the pleadings in the court below are those to be tried on its removal to this court;" but he immediately adds, that it "continues in all respects to be an action in a district court, the trial of which is to be had in this court."

If it continues to be, in effect, an action in a district court, then it must be subject to the incidents of such an action, among which is the right of amendment of the pleadings, within the limits of the jurisdiction of the district courts.

And this seems to have been contemplated by the General Term, for BRADY, J., says, "The removal cannot be made until after issue joined; and the issues cannot be so changed that a subject, not of original jurisdiction, may be litigated against the consent of one of the parties." This must be read in connection with the passage before quoted, and is very far from deciding that no amendment of the pleadings can be allowed by this court. On the other hand, I think it implies that they may be amended within the limits of original jurisdiction, and the power of the court below to grant, which, as we have seen, is very great.

I do not know the facts in the case of *Fagan* v. *Poor;* but the decision manifestly is based upon and follows *Salter* v. *Parkhurst*, and I presume was decided under a similar state of facts.

I am, therefore, of the opinion that this court has power to permit amendments to pleadings, within the limits above indicated, where a proper case has been made out. And

I am confirmed in it by the views· expressed in *Ludwig* v. *Minnot* (4 Daly 481).

If no such power existed in this court, justice might miscarry, as in this case, if it is true that the plaintiff's salary for the month of December, 1885, has been actually paid, and the defendants were not permitted to show that fact.

Motion granted upon the payment of ten dollars' costs to plaintiff, and defendants stipulating not to postpone the trial of the action on account of such amendment being allowed.

Order accordingly.