### DRUCKENMILLER *v.* SHONINGER *et al.*

(*Common Pleas of New York City and County, General Term.* February 3, 1890.)

JURISDICTION OF DISTRICT COURTS—REMOVAL TO COMMON PLEAS.

Where an action is brought in a New York city district court, its permanent character must be determined by the amount sued for in such court, and, on removal to the court of common pleas, only such sum can be sued for as would be within the jurisdiction of the district court.

Appeal from special term.

Action by Charles H. Druckenmiller against Bernard J. Shoninger, Charles Shoninger, and Aaron H. Moses, commenced in the district court in the city of New York for the fourth judicial district, to recover $250, and removed to the court of common pleas. The complaint in the latter court set up a cause of action to recover $700 damages for a wrongful dismissal from employment. Defendants pleaded, first, a want of jurisdiction in the court over the cause of action in the complaint, because the action was begun in the district court, which had no jurisdiction thereof. To this defense the plaintiff demurred, as insufficient in law upon its face. From the order overruling his demurrer plaintiff appeals.

Argued before LARREMORE, C. J., and BISCHOFF, J.

*John Fennel*, for appellant. *Freeman & Green*, for respondents.

LARREMORE, C. J. The order made by Judge ALLEN overruling plaintiff's demurrer to the first defense pleaded in the answer must be affirmed, on the authority of *Smith* v. *White*, 23 N. Y. 572; *Salter* v. *Parkhurst*, 2 Daly, 240; *Longrill* v. *Downey*, 7 N. Y. Supp. 503. These cases were evidently considered by Judge ALLEN when he made such order, and they undoubtedly establish the principle that, when an action is originally brought in a district court, its permanent character must be determined by the declaration and the amount sued for in such court, though subsequently it be removed to this court. It might be said that no meritorious objection could be made to plaintiff's serving a written complaint, after removal to this court, demanding damage for a sum in excess of the amount the district courts could entertain jurisdiction for. But such practice would unsettle all orderly methods of procedure. If a plaintiff has a claim in excess of the amount the statute allows to be sued for in a district court, he may, of course, bring his action in the first instance in a court of record. But, if he elect to sue in a dis-

trict court, he must be limited as to the amount of his recovery by the special jurisdiction conferred upon such court.     The action is in all essential respects the same after removal as before.     The order appealed from should be affirmed, with costs.