### GORTON *v.* UNITED STATES & B. M. S. S. CO. *et al.*

(*Supreme Court, General Term, First Department.* March 13, 1891.)

RIGHT TO COSTS—ACTION FOR WRONGFUL DEATH.

> Under Code Civil Proc. N. Y. § 3228, giving costs, as of course, to a plaintiff on final judgment in his favor in certain actions, the provision that, "if in an action to recover damages for an assault, battery, false imprisonment, libel, slander, criminal conversation, seduction, or malicious prosecution, the plaintiff recovers less than $50 damages, the amount of his costs cannot exceed the damages," does not apply to an action for damages for causing death by neglect, brought under section 1902, such an action being included in the general provision giving plaintiff costs on a judgment in his favor; the specific designation of the actions in which costs are limited excludes all others. Distinguishing *Garrabrant* v. *Sullivan*, 13 Civil Proc. R. 196.

Appeal from special term, New York county.

Action by George Gorton, as administrator, against the United States & Brazil Mail Steam-Ship Company and George P. Morris for damages for the death of plaintiff's intestate, alleged to have been caused by neglect of defendants. The jury found a verdict for plaintiff for six cents damages. Defendants appeal from an order allowing the taxation of full costs by plaintiff. Code Civil Proc. N. Y. § 1902, provides: "The executor or administrator of a decedent, who has left, him or her surviving, a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect, or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*H. Aplington,* for appellants. *William B. Tullis,* for respondent.

BRADY, J. This action was brought under section 1902 of the Code to recover $5,000 damages, alleged to have been sustained by reason of the neglect of the defendants. The trial resulted in a verdict of six cents in favor of the plaintiff, who, without notice, taxed the full bill of costs, which, upon retaxing, was limited to six cents. Upon the plaintiff's motion, however, an order was granted authorizing the taxation of a full bill of costs, but granting to defendants a stay until after a determination of an appeal from that order. The Code, § 3228, declares the plaintiff entitled to costs of course upon the rendering of a final judgment in his favor in either of the following actions: (3) An action specified in subdivisions 1, 3, 4, or 5 of section 2863 of this act. But if in an action to recover damages for an assault, battery, false im-

prisonment, libel, slander, criminal conversation, seduction, or malicious prosecution the plaintiff recovers less than $50 damages, the amount of his costs cannot exceed his damages.   Section 2863, referred to in section 3228, is one enumerating the civil actions which a justice of the peace cannot take cognizance of, and they are as follows: (3) Where the action is to recover damages for an assault, battery, false imprisonment, libel, slander, criminal conversation, seduction, or malicious prosecution, or where it is brought under sections 1837, 1843, 1868, 1902, or 1969 of this act.   This action is one embraced within the provisions of section 1902, and therefore one of those of which a justice of the peace cannot take cognizance; but it is not one of those specifically named, in which a recovery of less than $50 damages limits the amount of costs to the damages awarded.   The specific designation of the actions intended to be embraced in the limit of costs furnishes the most conclusive evidence of the intention of the legislature to exclude all others.   The maxim, *expressio unius, est exclusio alterius*, applies with peculiar force. Our attention has been called to the case of *Garrabrant* v. *Sullivan*, 13 Civil Proc. R. 196, but that was a case for damages resulting from a fall into a coal-hole, and the question here discussed, though apparently considered, is not so presented as to be regarded as controlling.   The language of section 3228 is too emphatic to admit of any doubt, however ingeniously the arguments may be devised and employed.   The plaintiff is thereby declared to be entitled to costs of course in actions of this character, with others grouped with it; but as to some of them the limit of costs is applied.   The whole subject is embraced in the third subdivision of that section, and was considered, therefore, altogether, and both provisions for costs and limit of them inserted in the same paragraph.   Nothing on the subject can be said, therefore, to have been left to inference or implication or conjecture.   The order appealed from should be affirmed, with $10 costs and disbursements.   All concur.