## KALISKI *v.* PELHAM PARK R. CO.

*(Common Pleas of New York City and County, Special Term. May 19, 1891.)*

COSTS—AMOUNT OF RECOVERY—JURISDICTION OF JUSTICE.

An action against a street-car company for injuries caused by the negligence of the car-driver, whereby the car was overturned, is not an action for an assault and battery, within Code Civil Proc. N. Y. § 2863, which provides that justices of the peace shall not have jurisdiction of such actions, but is an action for "a personal injury," and is within the jurisdiction of a justice under section 2862, and plaintiff is not entitled to costs unless he recovers $50 or more, as provided by section 3228, though the amount sued for exceeded the jurisdictional amount of a justice.

Action by Frederick Kaliski against the Pelham Park Railroad Company for personal injuries. Plaintiff recovered $40 damages, and defendant moves for a taxation of costs in his favor.

*Andrews & Purdy,* for plaintiff. *W. R. Lamberton,* for defendant.

DALY, C. J. The plaintiff brought this action in this court to recover damages for personal injuries sustained through the negligence of defendant while a passenger in its car. The car was driven in a careless manner, and thereby overturned, and plaintiff thrown out and injured. The claim was for $1,000 damages, but he recovered only $40. He claims the right to tax his costs at that sum, and the clerk has refused to tax costs for defendant. The latter moves to compel the clerk to tax his costs. In actions of which a justice of the peace has no jurisdiction the plaintiff is allowed to tax costs, but can tax no greater sum as costs than the amount of his recovery in actions of assault, battery, etc. Code Civil Proc. § 3228. The plaintiff here claims that this was technically an action for a battery, was not cognizable in

a justice's court, and therefore he is allowed costs to the amount of his verdict.    The action was cognizable by a justice of the peace.    By section 2862 a justice has jurisdiction of an action to recover damages for a personal injury.    This provision gives jurisdiction of such an action as the present. *Coulter* v. *Express Co.*, 56 N. Y. 585.    The fact that the claim here is for $1,000, and the jurisdiction of the justice is limited to claims not exceeding $200, does not make this an action cognizable only by a court of record.    The plaintiff, by an excessive claim of damages, cannot put his adversary to the costs of a court of record.    The recovery of $40 only brings the case within the class of those of which the justice has jurisdiction.    *Powers* v. *Gross*, 66 N. Y. 646.    This is not an action of battery, within the view of section 2862, limiting the jurisdiction of a justice of the peace.    Whether this case falls within the definition of actions of battery, as contained in the books, or not, is of no consequence, in view of the fact that in prescribing the jurisdiction of justice of the peace the legislature has distinguished between actions for personal injuries generally and actions for assault or battery.    Section 2862 gives jurisdiction to justices' courts of actions for damages for personal injuries, and section 2863 provides that they shall have no jurisdiction of actions for assault, battery, etc.    The enumeration in section 3228 of the actions in which plaintiff, if he recovers less than $50, shall have costs, corresponds exactly with the enumeration in section 2863 of the actions of which a justice has no jurisdiction.    This shows that such allowance of costs is intended in those cases only which could not have been brought before a justice of the peace; and it follows that, this not being such an action, the plaintiff is not entitled to costs to the amount of his recovery, but, on the contrary, having recovered less than $50, the defendant is entitled to tax full costs. The report of the case of *Garrabrant* v. *Sullivan*, 13 Civil Proc. R. 196 does not contain the reasons of the court for the decision, and does not seem to be supported by any possible construction of the Code.    The case was not adopted nor approved by the supreme court in *Gorton* v. *Steamship Co.*, 13 N. Y. Supp. 653, which went upon a wholly different provision of the Code, and also upon a special exception from the cases cognizable by a justice of the peace.    The motion of defendant to be allowed to tax his costs must be granted.

No costs of this motion.