### MATTES v. PAUSE et al.

*(Common Pleas of New York City and County, Special Term.* March 26, 1892.)

COSTS—ACTIONS REMOVED FROM DISTRICT COURT.

　　Under Code Civil Proc. § 3347, subd. 13, declaring that certain provisions of the Code relating to costs "apply only to an action in" certain specified courts, such provisions as to costs apply to an action brought in a court not so specified, but removed to and tried in one of the courts specified.

Action by Emil Mattes against John G. Pause and another for personal injuries through defendants' negligence, and on defendants' application removed to the New York court of common pleas. Judgment for plaintiff for a sum less than $50 and defendants' costs were taxed. Plaintiff now moves for a retaxation of same. Denied.

*John Fennell,* for plaintiff. *B. Lewinson,* for defendants.

GIEGERICH, J. The provisions of the Code of Civil Procedure respecting costs (chapter 21, tits. 1–3) apply to actions tried in one of the courts specified in subdivision 4 of section 3347, namely, the supreme court, a superior city court, the marine court of the city of New York, or a county court, (Code Civil Proc. § 3347, subd. 13;[1]) and are not limited to actions commenced in one of such courts, and triable therein, (*Combs* v. *Combs,* 25 Hun, 279, reversing 1 Civil Proc. R. 298; 62 How. Pr. 304.) It follows that the costs of this action, which was originally brought in a district court of this city to recover damages for a personal injury, and removed to this court, must be awarded and taxed pursuant to the above-cited provisions of the Code. The cases cited by the learned counsel for the plaintiff, namely, *Druckenmiller* v. *Sho-*

---

[1] Code Civil Proc. § 3347, provides: "The application and effect of certain portions of this act are declared and regulated as follows: Except that, where a particular provision, included within a chapter or portion of chapter specified in a subdivision of this section expressly designates the courts, persons, or proceedings affected thereby, that provision is deemed exclusive from the application and effect prescribed in the provision. * * * (4) The remainder of chapter fifth, and the whole of chapter sixth, apply only to an action commenced on or after the first day of September, eighteen hundred and seventy-seven, in the supreme court, a superior city court, the marine court of the city of New York, or a county court. * * * (13) In chapter twenty-first, titles first, second, and third, apply only to an action in one of the courts specified in subdivision fourth of this section."

*ninger,* (Com. Pl. N. Y.) 8 N. Y. Supp. 482; *Latteman* v. *Fere,* 11 Civil Proc. R. 217; *Salter* v. *Parkhurst,* 2 Daly, 240,—have no application, as they merely relate to the *status* of an action commenced in a district court after its removal to this court. The plaintiff having recovered less than $50, the defendants are entitled to costs. *Kaliski* v. *Railroad Co.,* (Com. Pl. N. Y.) 15 N. Y. Supp. 519, (DALY, C. J.;) *Rieger* v. *Watch Case Co.,* (City Ct. Brook.) 13 N. Y. Supp. 788. The application of the plaintiff for a retaxation of the costs must therefore be denied.