(3 Misc. Rep. 329.)

## WALKER v. SCOTT.

(Common Pleas of New York City and County, Special Term. April, 1893.)

REMOVAL OF CAUSES—DISTRICT COURT TO COMMON PLEAS—PLEADING.

    Where an action in the district court, in which the pleadings were oral, is removed to the court of common pleas, and the pleadings are ordered to be reduced to writing, an answer which sets up a larger counterclaim than was pleaded in the district court, without leave to amend being first obtained, will be stricken out.

Action by Samuel T. Walker against Mary A. Scott. Plaintiff moves to strike out the answer. Motion granted.

The action was commenced in the district court in the city of New York for the ninth judicial district. The pleadings were oral. The complaint was for $162 commissions on the exchange of real estate, and the answer was a

general denial and a counterclaim for $100. On the defendant's application the case was removed to this court. Under an order that the pleadings be in writing, a sworn complaint was served. The written answer of the defendant admits that the plaintiff was the broker through whom the negotiations were made, and interposes a counterclaim for $500, the alleged difference between the actual value of the property purchased and the price paid upon plaintiff's representation of its value. The answer also alleges that the plaintiff has assigned his interest in the claim or demand sued upon, and that the plaintiff is not the real party in interest. The plaintiff then moved to strike out the answer served upon him.

　　Robert J. Robeson, for plaintiff.
　　Jared F. Harrison, for defendant.

　　GIEGERICH, J.　The rule that the issues created by the pleadings in an action commenced in one of the district courts in this city are those to be tried on its removal to this court (Smith v. White, 23 N. Y. 572; Salter v. Parkhurst, 2 Daly, 240; Druckenmiller v. Shoninger, [Com. Pl. N. Y.] 8 N. Y. Supp. 482,) is subject to the qualification that the action so removed "continues in all respects to be an action in a district court, the trial of which is to be had in this court," (Salter v. Parkhurst, supra, per Brady, J.; Latteman v. Fere, 11 Civil Proc. R. 217–222, Bookstaver, J.)　As was well said by Bookstaver, J., in Latteman v. Fere, supra:

　　"If it continues to be, in effect, an action in a district court, then it must be subject to the incidents of such an action, among which is the right of an amendment of the pleadings within the limits of the jurisdiction of the district courts."

　　Section 2944 of the Code of Civil Procedure (which section 1347 of the consolidation act [Laws 1882, c. 410] expressly makes applicable to district courts) prescribes:

　　"The court must, upon application, allow a pleading to be amended at any time before the trial, or during the trial, or upon appeal, if substantial justice will be promoted thereby."

　　I concur in the opinion expressed by the learned judge in Latteman v. Fere, supra, that pleadings "may be amended within the limits of original jurisdiction."
　　Now, was the interposition of the counterclaim for a sum in excess of the amount claimed in the court below warranted under the circumstances?　The consolidation act (sections 1361, 1380, 1383) permits a counterclaim to be interposed in district courts. The same, however, omits to make the provisions of the Code of Civil Procedure relative to counterclaims in justices' courts (sections 2945, 2950) applicable.　See Laws 1882, c. 410, §§ 1285, 1343. It is to be regretted that these provisions have not been made a part of the consolidation act, because ample remedy is thereby afforded to those having counterclaims in excess of the amount for which the district courts can entertain jurisdiction.　Under the old practice the jurisdiction of the district courts was restricted to cases "where the sum recovered shall not exceed $250, notwithstanding the accounts of both parties may exceed $400."　Laws 1857, c. 344, § 3, subd. 1; Langbein's Dist. Ct. Pr. (Ed. 1872,) p. 33

A careful scrutiny of the consolidation act shows that these provisions have not been retained, and that the jurisdiction of these courts has been limited to cases "where the sum claimed does not exceed $250." Laws 1882, c. 410, § 1285. Further examination shows that section 3215, subd. 1, Code Civil Proc. expressly provides that subdivisions 1 and 4 of section 2863 do not apply to an action brought in the district courts; the latter providing:

"(4) Where, in a matter of account, the sum total of the accounts of both parties proved to the satisfaction of the justice, exceeds $400."

These views, I think, are confirmed by the cases of Ludwig v. Minot, 4 Daly, 481, and Druckenmiller v. Shoninger, supra. The former arose under the act of 1857, and it was held therein that more than $250 may be recovered in an action removed from a district court to this court, if claimed in the summons. The latter arose subsequent to the enactment of the consolidation act. That case was commenced in a district court to recover $250, and was removed to this court on the defendant's application. The complaint subsequently served demanded judgment for $700. The defendants answered, denying the jurisdiction of the court. The plaintiff demurred to the answer, and the demurrer was overruled on appeal, and the order appealed from affirmed. Larremore, C. J., in delivering the opinion of the court in that case, (page 482,) says:

"It might be said that no meritorious objection could be made to plaintiff serving a written complaint, after removal to this court, demanding damages for a sum in excess of the amount the district courts could entertain jurisdiction for; but such practice would unsettle all orderly methods of procedure."

Inasmuch as the counterclaim interposed by the written answer is for a sum greater than this court has power in this action to entertain jurisdiction of, I am of the opinion that the court would not have had the power to amend the answer as served, even had the defendant applied for permission to do so. Assuming, however, that I am in error as to the views above expressed, still the service of the answer which sets up new defenses and interposes a counterclaim for a larger sum, without leave of court, was unauthorized, and in violation of the order entered herein "that the pleadings in this action, originally brought in the district court in the city of New York for the ninth judicial district, be reduced to writing." Smith v. White, supra. Motion granted, unless the defendant shall apply for and obtain leave of court to amend the answer within a period of time to be specified in the order to be entered on this decision, but, in view of the novelty of the questions involved, no costs to either party will be allowed. Settle order on notice.