DE WITT et al. v. BRILL et al.

(City Court of New York, General Term. November 27, 1893.)

PLEADING—STRIKING REDUNDANT MATTER FROM ANSWER.

An answer, after denying specifically the averments of the complaint, continued as follows: "For a separate and distinct defense, and repeating the previous allegations," (the denials,) and it then stated new matter in defense. *Held,* that the words, "repeating the previous allegations," should be stricken out as redundant, since they prevented defendant from taking advantage of Code Civil Proc. § 494, which allows a demurrer to a defense consisting of new matter.

Appeal from special term.

Action by Annie De Witt and others against Samuel Brill and others. From an order denying a motion to strike from the answer redundant matter, plaintiffs appeal. Reversed.

Argued before VAN WYCK and McCARTHY, JJ.

Chas. E. Lansing, for appellants.

Geo. W. Gallinger, for respondents.

VAN WYCK, J. The answer, by specific denials, puts at issue every material allegation of the complaint, except the copartnership of defendants, and then follows the fourth paragraph of the answer as follows: "For a separate and distinct defense, and repeating the previous allegations," (which are the specific denials,) and then goes on to allege a defense consisting of new matter. The plaintiff moved to strike from this alleged separate and distinct defense the words, "and repeating the previous allegations," as redundant; plaintiffs' contention being that a demurrer will not lie to a part of an entire defense in an answer, and that, while the previous specific denials are allowed to stand in the fourth paragraph, which sets forth an alleged entire defense consisting of new matter, he is precluded from availing himself of the provisions of section 494 of the Code, which allows demurrer to a defense consisting of new matter contained in the answer, on the ground that it is insufficient in law upon the face thereof. And certainly demurrer will not lie to either a specific or general denial, and, if a defendant is allowed to repeat his specific or general denials in each of his entire separate alleged defenses, consisting of new matter, then he can at will nullify the express provisions of section 494; but, of course, he has no right to do so. The motion should have been granted, and not denied. The order is reversed, with $10 costs; and motion to strike from the fourth paragraph of the answer the words, "and repeating the previous allegations," granted, with $10 costs, with leave to plaintiffs to demur to the alleged defense in the fourth paragraph, consisting of new matter, within six days after entry of order hereon.