(7 Misc. Rep. 560.)

### MYERS v. ROSENBACK (twelve cases).

(Common Pleas of New York City and County, Special Term.   March, 1894.)

1. SUPPLEMENTAL ANSWER—CAUSE REMOVED FROM DISTRICT COURT.
    A cause removed from a district court of New York city to the court of common pleas remains an action in the district court, and therefore a supplemental answer cannot be filed after such removal.
2. PLEADING—SUPPLEMENTAL OR AMENDED ANSWER.
    Where a notice of motion for leave to serve a supplemental answer asks for "such other and further relief" as to the court may seem proper, and the case is one in which a supplemental answer is not allowable, the court may permit an amended answer to be filed.

Actions by Frederick S. Myers against Moses S. Rosenback.   Defendant moves for leave to serve a supplemental answer.

Otto Horwitz, for the motion.
Hamilton R. Squires, opposed.

GIEGERICH, J.   This action was removed from a district court to this court.   The defendant now seeks, by a supplemental answer, to set up an additional defense.   The counsel for the plaintiff contends, substantially, that the district court had no power, before the removal of the action, to allow a supplemental answer, and that, consequently, this court has no power to grant the same.   On the removal of a cause from a district court to this court, it continues to be, in effect, an action in a district court, subject to the incidents of such an action, including the right of amendment of the pleadings (Latteman v. Ferre, 11 Civ. Proc. R. 217; Walker v. Scott, 3 Misc. Rep. 329, 23 N. Y. Supp. 334); and, as a condition of allowing an amendment, the court may, in its discretion, require the payment of costs to the adverse party (Code Civ. Proc. § 2944, which is made applicable to district courts by section 1347 of the Consolidation Act, Laws 1882, c. 410).

The power of district courts to allow a supplemental answer to be filed was questioned by this court in Russell v. Ruckman, 3 E. D. Smith, 419, 426; and I have not been referred to, nor have I been able, after diligent research, to find, any authority which confers such power upon them.   Sections 2934 to 2944 (both inclusive) of the Code of Civil Procedure, which relate to pleadings in district courts and amendments thereof (Consolidation Act, § 1347), are silent as to supplemental pleadings; the provisions of the Code (section 544) regarding the same being expressly limited to courts of record (Code

Civ. Proc. § 3347, subd. 4). While the proposed additional defense cannot, for these reasons, be set up by a supplemental answer, still the same result may be accomplished by an amended answer. That substantial justice will be promoted by such an amendment appears to my satisfaction from the papers submitted. Plaintiff's counsel insists, however, that, inasmuch as the defendant has not applied for leave to serve an amended answer, the motion should be denied; but under the words "and for such other and further relief in the premises as to the court may seem just and proper," in the notice of motion, the court is empowered, in its discretion, to grant other relief than prayed for. Van Slyke v. Hyatt, 46 N. Y. 259, 264. Therefore, the defendant will be permitted to amend his answers by setting up, in addition to the defense already interposed, as a plea in bar in these actions, the judgment in the action in the city court, upon condition that, within ten days after the entry of the order hereon, he serve such amended answers. As the judgment in question was not entered until recently, and as the defendant has not been guilty of any laches, I am of the opinion that the only terms which should be imposed, as a condition to allowing the amendment, are $10 costs to the plaintiff in each action, to abide the event.