(10 Misc. Rep. 202.)

## ZACHARIAS v. FRENCH.

(Common Pleas of New York City and County, Special Term. November 17, 1894.)

1. PLEADING—ANSWER—COMPLETE OR PARTIAL DEFENSES.

    The same facts may be pleaded both as a complete and a partial defense, but each defense must be separately stated and numbered, as required by Code Civ. Proc. § 507.

2. SAME—DENIAL IN ANSWER CONTAINING NEW MATTER.

    A denial and new matter cannot be joined in the same paragraph of the answer, as they are distinct defenses.

Action by John Zacharias against Thomas H. French. Plaintiff moves that certain matter be stricken from the answer, and that defendant be required to state whether certain facts are relied on as a complete or as a partial defense. Denied.

W. E. Benjamin, for plaintiff.

I. M. Dittenhoefer, for defendant.

GIEGERICH, J. This action is brought to recover damages for the expulsion of the plaintiff from the theater of the defendant without cause. The answer denies all the material allegations of the complaint, except the ownership of the theater by the defendant, and sets up the following affirmative defenses:

"(5) As and for a second and complete as well as partial answer and defense, this defendant alleges, upon information and belief, that at the time claimed by the plaintiff in his complaint to have purchased the license for himself and wife to witness the performance given at the Garden Theater on the 22d day of May, 1893, the license and privilege to witness the performance at the said theater on said evening was a revocable license; and the said license and privilege for said evening, if ever granted to the plaintiff or his wife, to witness the performance on said 22d of·May, 1893, was duly and regularly revoked, and there was duly and regularly tendered and offered to the plaintiff the sum claimed by him to have been paid for said license, and thereupon all rights of the plaintiff and his said wife to witness said performance, or to remain in said theater, ceased and terminated. (6) As and for a third and further and separate answer, and complete as well as partial defense, this defendant, reiterating and reasserting each and every allegation and denial hereinbefore contained, further alleges, on information and belief, that only such request was made to the plaintiff to leave the said theater as was proper and necessary, and was made after the revocation of any license plaintiff claimed to have to remain in said theater, or witness said performance."

The plaintiff now moves that the defendant be required to state in his answer whether the so-called second and third separate defenses thereof are each relied upon and intended as a complete or as a partial defense to the complaint, and to strike out from the so-called separate answer the words, "reiterating and reasserting each and every allegation and denial hereinbefore contained," and for such other and further relief as may be proper in the premises.

One of the chief grounds urged by the plaintiff in support of the first branch of the motion is that the question whether the facts set forth, respectively, in paragraphs 5 and 6 above, constitute a complete defense, cannot be tested by demurrer in the form now pleaded, since the same would be overruled if the facts stated were good in

mitigation of damages. No authority directly in point is cited by either side; but considerations of convenience and orderly pleading require that the defenses should be separately stated and numbered, and relied upon, respectively, as complete and partial defenses. Pom. Code Def. (3d Ed.) § 690, p. 756. This is in harmony with the provisions of section 507 of the Code of Civil Procedure, which provide that:

"A defendant may set forth, in his answer, as many defenses or counterclaims, or both, as he has. * * * Each defense or counterclaim must be separately stated and numbered."

I do not perceive why, under modern rules of pleading, the defendant may not count upon the same facts both as a complete and a partial defense. A defendant may put his defense upon separate, and even inconsistent, grounds. Goodwin v. Wertheimer, 99 N. Y. 157, 1 N. E. 404. And he may plead several pleas to distinct parts of the same count. Longworthy v. Knapp, 4 Abb. Pr. 115, 117; Steph. Pl. 269. It seems to follow that the same facts may be pleaded both as a complete and a partial defense, provided each defense is separately stated and numbered. These views lead to the denial of that branch of the motion under consideration, provided the defendant shall separately state and number the defenses set forth in paragraphs numbered 5 and 6 of the answer. The granting of which relief, although not specifically prayed for, nevertheless finds ample justification in the concluding sentence of the notice of motion herein. Van Slyke v. Hyatt, 46 N. Y. 259, 264; Myers v. Rosenback, 7 Misc. Rep. 560, 28 N. Y. Supp. 9, affirmed 9 Misc. Rep. 89, 29 N. Y. Supp. 34.

As to the motion to strike out the words, "reiterating and reasserting each and every allegation and denial hereinbefore contained," the following remarks of Prof. Pomeroy in his work on Code Remedies (3d. Ed., at page 756, and section 690), are directly in point, viz.:

"It is elementary that a defense of new matter should be pleaded; and as new matter must, of necessity, be a distinct defense from a denial, it follows that it cannot properly be associated or mingled up with denials, general or specific, in one paragraph or plea."

Consequently, the words "and denial," in the last phrase quoted, must be stricken out. To hold otherwise would enable the defendant to nullify the provisions of section 494 of the Code of Civil Procedure, which allow a demurrer to a defense consisting of new matter, contained in the answer. De Witt v. Brill, 6 Misc. Rep. 44, 25 N. Y. Supp. 1001. Except as above indicated, the motion is denied, with $10 costs to the plaintiff, to abide the event.