(11 Misc. Rep. 313.)

## OAKES v. HIGH et al.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

1. COSTS—LEAVE TO SUE AS POOR PERSON—SETTING ASIDE TAXATION.
   Where an order granting leave to sue as poor person in a district court of New York City was obtained without the knowledge of defendant, and afterwards the cause was removed to the court of common pleas, but the attention of that court was not called to the order, and it did not appear in the papers, and plaintiff failed to assert his exemption from costs on the taxation, though he was duly notified, a motion to set aside the taxation was properly denied on the ground of plaintiff's laches.

2. SAME—CAUSE REMOVED FROM DISTRICT COURT TO COMMON PLEAS.
   An order of the district court of New York City, granting leave to sue as a poor person, does not entitle plaintiff to such privilege on removal of the cause to the court of common pleas, but leave must be obtained anew from that court. Giegerich, J., dissenting.

Appeal from special term.

Action by Mary Oakes against James M. High and others, to recover damages for an alleged breach of contract. From an order denying a motion to correct the judgment, plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and GIEGERICH, JJ.

H. G. Harris, for appellant.

Abraham Gruber, for respondents.

BOOKSTAVER, J. This action was commenced in the district court, where it is claimed an order was made allowing the plaintiff to prosecute as a poor person, and the original summons, it is claimed, was marked "Free." But it appears by the affidavit of defendants' attorney that, up to the service of the notice of motion to set aside or correct the judgment, neither he nor the defendants had any knowledge that any order was entered allowing plaintiff to sue or carry on the action as a poor person. It also appears by the copy summons served on defendants that it was an ordinary district court summons, and is not marked "Free." On the return day of the summons the defendants gave an undertaking as required by law, whereupon the action was transferred to this court, the order for removal being dated August 9, 1892, although the issues were not finally joined until the 19th October of that year. The case came on for trial on the 24th January, 1893, and resulted in a verdict for defendants. Thereupon the clerk gave the usual trial minutes, showing that the defendants were entitled to costs. The attention of the trial judge was not at any time called to the fact that the action had been commenced by the plaintiff as a poor person, nor did he discover it on the trial, as the original papers were at no time before him. After the trial, and on or about the 24th day of February, 1893, a bill of costs and notice of taxation for the 27th of that month was duly served on plaintiff's attorney, and due

service was admitted, as appears by the bill of costs filed with the judgment roll. On the 27th, plaintiff's attorney not appearing, the costs were taxed at the sum of $112.55, and judgment including said costs was entered on that day; and thereafter, and on the same day, a copy of the judgment and notice of entry was served on plaintiff's attorney, who admitted service thereof. The motion on which the order appealed from was entered, was not made until the 13th June, 1893.

Under such circumstances, we think the defendants were entitled to enter the judgment for costs, no notice of the order of the district court having ever been given, either to the judge who tried the cause, the defendants, or their attorneys. Notice of the defendants' intention to tax such costs was given to the plaintiff's attorney three days before the taxation. He failed to appear on the taxation, or claim the exemption of the plaintiff from costs by reason of the order made in the district court. In Neugrosche v. Railroad Co., 1 N. Y. St. Rep. 302, the plaintiff sued as a poor person, but made default when the case was called for trial. Afterwards he procured an order to show cause why the judgment entered on the default should not be vacated and set aside, which was denied by the court, it saying:

"The order in forma pauperis, not having been served, should have been presented to the clerk in opposition to the taxation. Not having been called to the attention of the defendant's attorneys in any form, their practice in entering judgment was not irregular."

In Johnston v. Green, 3 Abb. Pr. (N. S.) 342, Judge Van Vorst says:

"It is the duty of the attorney obtaining an order in an action to serve a copy of it on the opposite attorney in all cases where the rights of the other party may be affected or prejudiced by any proceedings taken under the order. Until the order has been served, no active proceeding can be taken under it. An attorney conducting a cause has the right to manage it according to the general rules and practice of the court, without reference to any order which may be obtained interfering with his client or the ordinary conduct of the cause, until a party obtaining an order against him serves a copy of it so as to give him an opportunity to prepare to meet the exigencies of the order."

From the facts as above stated, it is clear the plaintiff or her attorney was guilty of negligence in not calling the attention either of the court or the defendants' attorney to the order made in the district court, and was clearly guilty of laches in not moving to amend the judgment for nearly four months after its entry, although he had notice of the intention to tax the costs, and to enter judgment on the costs as taxed, and of the entry of the judgment, for all that time.

The order made at the trial term of this court was neither invalid nor irregular, in the absence of any notice of the leave to sue in forma pauperis given in the district court. It was within the jurisdiction of the trial judge to make the order he did. It was made upon the facts then before him, and, if there were other facts which would have led to a different result, it was the duty of the party aggrieved to immediately call his attention to those facts. Instead

of doing this, he waited four months, and then applied to another judge at special term, who certainly had no right to review or vacate the order as made.·

So far upon the theory that the order made in the district court was binding upon this court. But we do not think this is the case. When a district court action is removed to the court of common pleas, that court has exclusive jurisdiction thereof, and all the proceedings thereunder, which follow the usual course of actions in that court. If the plaintiff desires to proceed in it as a poor person, a new order to prosecute in forma pauperis should have been obtained. The order appealed from must therefore be affirmed, with costs.

DALY, C. J., concurs.

GIEGERICH, J. (concurring in result.) It has become the settled rule by adjudications in the court of appeals, and in this court, that, on the removal of a cause from a district court to this court, it continues to be in effect an action in a district court, the trial of which is to be had in this court. Smith v. White, 23 N. Y. 572; Salter v. Parkhurst, 2 Daly, 240; Latteman v. Fere, 11 Civ. Proc. R. 217; Walker v. Scott, 3 Misc. Rep. 329, 23 N. Y. Supp. 334; Myers v. Rosenback, 7 Misc. Rep. 560, 28 N. Y. Supp. 9, affirmed 9 Misc. Rep. 89, 29 N. Y. Supp. 34. As it continues to be, in effect, an action in a district court, it would seem to follow as a corollary that the removal is without prejudice to the proceedings already had in the distict court, and that they stand until altered or revoked by this court. I fail, therefore, to perceive why the removal of the cause to this court should operate to abrogate the order of the district court permitting the plaintiff to sue as a poor person. If that result were to follow, then surely every other proceeding, including the pleadings in such action, would be swept away thereby. Such never was the intention of the lawmaking power, for the statute expressly provides that upon the granting of the order of removal "the clerk of the district court must forthwith deliver to the clerk of the court of common pleas all process, pleadings, and other papers in the action, and certified copies of all minutes, entries, and orders relating thereto, which must be filed, entered, or recorded, as the case requires, in the latter's office." Code Civ. Proc. § 3216; Consolidation Act (Laws 1882, c. 410) § 1287. For these reasons I am constrained to dissent from the conclusion reached by my associates that the plaintiff should have obtained a new order to prosecute in forma pauperis if she desired to proceed in the action as a poor person; but under the circumstances of the case, which have been so clearly detailed by Judge BOOKSTAVER, and in the light of the authorities cited by him, I am of the opinion that the plaintiff lost all right under the said order permitting her to sue as a poor person by reason of her unexcusable laches (see Harris v. Van Wagenen, 14 Wkly. Dig. 212), and therefore I think that upon this ground the order appealed from should be affirmed, with costs.