FELLHEIMER v. EAGLE.

Opinion delivered May 28, 1906.

NEW TRIAL—ACCIDENT.—Where appellant was given until the first day of the ensuing term of court to file his bill of exceptions, and was prevented from doing so by the accidental destruction of the courthouse by fire, together with all the papers in the case, so that he was unable to have alleged erroneous rulings of the trial court reviewed, he can not on that account merely ask that the cause be reversed and remanded for a new trial.

Appeal from Garland Circuit Court; *Alexander M. Duffie,* Judge; affirmed.

*Wood & Henderson,* for appellant.

The appeal was granted within the time allowed by law, and upon an authenticated copy of the record. This gave this court jurisdiction. Kirby's Digest, § 1196. 73 Ark. 608 is not in point. This court, having jurisdiction, has power to grant a new trial, in order to prevent appellant from losing the benefit of an appeal which he had as a matter of right. The fire was an unavoidable accident with which appellant had no connection. Great injustice will be done appellant by refusing a new trial.

*Hogue & Cotham,* for appellee.

1. The appeal was not perfected within the time prescribed by law. Kirby's Digest, § 1199. The filing of a copy of the judgment is not a compliance with section 1194. 73 Ark. 608; 72 *Id.* 475; 69 *Id.* 281.

2. The appellant has not lost his right of appeal by accident or otherwise, and does not come within the rule of submission to a new trial. 61 Ark. 341; *Ib.* 354.

3. The charge of the court below not being before this court, there is nothing to review. It was appellant's duty to supply the burned record or get his bill of exceptions before the papers were destroyed. He has been guilty of negligence, and this court should affirm the judgment.

RIDDICK, J. On the 3d of October, 1904, Florence E. Eagle recovered a judgment in the Garland Circuit Court against H. Fellheimer for the sum of $1,800. Fellheimer filed his motion for a new trial, which was overruled, and at his request the circuit court allowed him until the first day of the March term to file his bill of exceptions. But, before that time arrived, the court house of Garland County and the records and papers in the case were destroyed by fire. Fellheimer prepared his bill of exceptions, setting out the evidence in the case, which was signed by the circuit judge, and filed in due time. The bill of exceptions referred to the instructions given by the court to the jury and also to those asked by the defendant Fellheimer and rejected by the court, and the clerk was directed to insert therein the instructions referred to. But these instructions had been destroyed

along with the other papers in the case, and the clerk was not able to perfect the bill of exceptions in that way.

The defendant has filed a transcript of the judgment and of the incomplete bill of exceptions, and has been granted an appeal by the clerk of this court. He admits that this record, of itself, shows no error and no ground for reversal, but he contends that the written instructions were lost without his fault, and that, as he is by reason of such accident unable to have this court review the rulings of the circuit court, the case should be reversed and a new trial ordered to prevent injustice. But the presumption is in favor of the justice and legality of the judgment of the circuit court. In order to have that judgment reviewed, it is incumbent upon the party appealing to file in this court a true and perfect transcript of the proceedings below, so far as they affect the error alleged to have been committed, and for which a reversal of the judgment is asked. When a part of the record in the cause has been lost or destroyed before a transcript thereof has been made for this court, it is the duty of the appellant, by appropriate proceedings in the trial court, to reinstate the record. In this case, as appellant claims that the trial court committed error in its instructions to the jury, it was incumbent on defendant to have those instructions preserved in the bill of exceptions, and a true and complete copy thereof filed in this court. The fact that those instructions were accidentally destroyed without his fault does not relieve him of that duty, for neither was the plaintiff in any way to blame for this accident.

In an unreported case in this court referred to by counsel where the appellant had filed a complete transcript and perfected his appeal within apt time, we held that the jurisdiction of the court could not be defeated by the withdrawal of the transcript by the other party. In that case, after the appellant had perfected his appeal, the attorney for the appellee obtained the transcript for the purpose of preparing his brief. While in his office, it was accidentally destroyed by the janitor who made fires therein. The court held that under such circumstances it was the duty of the appellee to restore the transcript by filing a certified copy of the original records; and as the original records were also lost, and could not be restored, the court treated the refusal to restore them as a confession of error, and reversed the judgment, and granted

a new trial to protect the rights of the appellant, who had done all that was required of him by law.

But in this case the appellee is without fault. It is the misfortune of the appellant that he did not preserve a copy of the instructions or present his bill of exceptions before the substance of those instructions had faded from the memory of the trial judge. Delays are sometimes hazardous. Neither the appellant nor the appellee was to blame for the accident that destroyed the records and papers in the case, but the delay in the filing of the bill of exceptions was allowed at the request of appellant. He took the chances of being injured by that delay, and can not now place the injury which has happened on plaintiff, instead of himself. In other words, it was the duty of appellant to file a complete transcript. By reason of an unforeseen acident he is now unable to do so. But, as no act of appellee contributed to this result, she is entitled to stand on her strict legal rights, and to insist on an affirmance where no error is shown. We are therefore of opinion that the judgment must be affirmed. It is so ordered.