## THE STATE v. JABE WADE, Appellant.

### Division Two, December 9, 1915.

**APPEAL: Not Timely Perfected.** The statute allows but twelve months in a second degree murder case in which to perfect an appeal by the filing of a transcript of the record in the Supreme Court, and if more than that time expired after the appeal was taken before it was perfected, the appeal will be dismissed, in the absence of a showing of good cause for the delay.

Appeal from Boone Circuit Court.—*Hon. David H. Harris,* Judge.

APPEAL DISMISSED.

*Don C. Carter* and *Harris & Finley* for appellant.

*John T. Barker,* Attorney-General, and *William M. Fitch,* Assistant Attorney-General, for the State.

FARIS, J.—Defendant was convicted in the circuit court of Boone county, of murder in the second degree, for that, as it was charged in the information, he had stabbed and killed one James Franklin White. The appeal of defendant herein was granted by the circuit court on the 27th day of October, 1911, but such appeal was not perfected by filing in this court a transcript of the record till April 1, 1913, as is clearly disclosed by the file-mark of the clerk of this court.

The State has filed a motion to dismiss the appeal of defendant for the reason that it was not perfected within one year after the same was granted by the trial court. This motion was taken with the case when the same was argued and submitted.

The facts are plain and undisputed. More than seventeen months elapsed after the appeal was taken till it was perfected. The statute allows but twelve months in this behalf in such a case as this, absent a showing of good cause for the delay. [Sec. 5313, R. S. 1909.] No such showing has been made in the case, and under the authority of the statute above cited, as construed in the case of State v. Pieski, 248 Mo. 715, we are constrained to hold the motion to dismiss well taken. We may say in passing, *dehors* the record, that, lest the rigid enforcement of a recent ruling mayhap not yet fully understood (though soundly bottomed upon a fairly ancient statute), might seemingly work an undeserved hardship, we have gone over the record with care and found naught of error therein which would cause reversal were we required to pass upon the whole of it. Let the appeal be dismissed.

*Brown, P. J.,* and *Walker, J.,* concur.