# THE STATE v. HENRY MOULTON, Alias, Etc., Appellant.

### Division Two, November 24, 1914.

1. **APPEAL: Failure to Perfect.** From a conviction of burglary in the second degree and a former conviction of felony, defendant on April 1, 1913, was granted an appeal; on May 31, 1913, he secured an order of the trial court requiring the stenographer to furnish him a copy of the evidence as a poor person; on April 1, 1914, he filed his petition in the Supreme Court asking to be permitted to prosecute his appeal as a poor person, which motion was sustained on April 14, 1914, and on that day he filed a transcript of the record proper; on August 14, 1914, he filed a second transcript, which embraces a copy of an order showing the filing of the bill of exceptions and also a copy of the bill; this second transcript recites that the bill of exceptions was filed by the clerk of the trial court on June 10, 1914, and that the clerk's certificate to said transcript is dated July 14, 1914. The Attorney-General, on October 15, 1914, moved the court to dismiss the appeal. *Held,* that defendant having omitted to state any reason why his second amended transcript covering the bill of exceptions was not lodged within the Supreme Court in a more expeditious manner, none of his exceptions and no part of the transcript except the record proper can be considered.

2. ———: ———: **Filing Bill of Exceptions: Law of 1911 and Sec. 5313.** The amendment to section 2029, Revised Statutes 1909, found in Laws 1911 at page 139, does not authorize an appellant in a criminal case to file a transcript of his bill of exceptions in the Supreme Court at any time before the rules of the court require him to serve his abstract of the record upon respondent; for there is nothing in said amendment evincing any intention on the part of the General Assembly to repeal section 5313, Revised Statutes 1909, requiring appeals in criminal cases to be perfected within one year; and before a statute can be repealed there must be either a legislative design to repeal, or an irreconcilable conflict between the old and new law.

3. ———: ———: ———: **Suggestion of Good Cause.** By the express words of Sec. 5313, R. S. 1909, if a defendant in a criminal case fails to perfect his appeal within one year, he may avoid the dismissal thereof when the Attorney-General has moved to dismiss, by showing to the satisfaction of the Supreme Court "good cause" for not sooner perfecting his

appeal, and that right he still has since the amendment of 1911 to section 2029, but the duty still rests on him to make a satisfactory showing that he has been unremitting in his diligence to perfect his appeal within twelve months after it was granted, and if he fails to make any showing his bill of exceptions cannot be considered.   Said amendment applies to appeals in criminal cases, in so far as it permits the filing of bills of exceptions after the time granted by the trial court for filing has expired, provided such delay is not the result of appellant's own act of omission.

4. ————: ————: **Filing Transcript.**   When a defendant in a criminal case has not obtained the permission of the Supreme Court to prosecute his appeal as a poor person until the time has expired for perfecting his appeal, he should immediately, upon obtaining such permission, tender to the ·clerk his transcript of the entire record, or make a satisfactory showing why he is unable to do so.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

Affirmed.

*Durham & Durham* for appellant.

*John T. Barker*, Attorney-General, and *Thomas J. Higgs*, Assistant Attorney-General, for the State.

BROWN, J.—Charged with both burglary in the second degree and a former conviction of felony, defendant was found guilty, and, under the provisions of section 4525 and 4913, adjudged to serve the term of his natural life in the penitentiary, from which judgment of conviction he appeals.

The Attorney-General has filed a motion to dismiss the defendant's appeal on the ground that it was not perfected within one year after the same was granted, as required by section 5313, Revised Statutes 1909.

A brief history of this appeal is necessary in reaching a correct conclusion on the motion to dismiss.   The appeal was granted on April 5, 1913; on

May 31, 1913, defendant secured an order of the trial court requiring the stenographer to furnish him a copy of the evidence as a poor person; on April 1, 1914, he filed his petition in this court asking to be permitted to prosecute his appeal as a poor person, which motion was sustained on April 14, 1914. On the day last named defendant filed in this court a transcript of the record proper. On August 14, 1914, defendant filed a second transcript, which embraces a copy of an order showing the filing of the bill of exceptions, and also a copy of the bill of exceptions. This second transcript recites that the bill of exceptions was filed with the clerk of the trial court on June 10, 1914, while the clerk's certificate to said transcript is dated July 14, 1914.

*Perfecting Appeal In Criminal Case: Filing of Bill of Exceptions: Law of 1911.*

With the record in this form the Attorney-General, on October 15, 1914, moved the court to dismiss the appeal. The defendant has filed suggestions in opposition to the motion to dismiss, in which he recites the various steps taken by him to perfect his appeal, but omits to state any reason why his second transcript covering the bill of exceptions was not lodged in this court in a more expeditious manner. His contention is that the amendment of section 2029, Revised Statutes 1909, found in the Laws of 1911 at page 139, authorized him to file his transcript of the bill of exceptions at any time before the rules of the Supreme Court required him to serve his abstract of the record upon respondent.

This insistence of defendant cannot be sustained, because there is nothing in the aforesaid amendment which evinces an intention on the part of the General Assembly to repeal section 5313, Revised Statutes 1909, requiring appeals in this class of cases to be perfected within one year.

It is a cardinal principle of statutory construction that laws will not be repealed by mere implica-

tion. There must be a legislative design to repeal, or an irreconcilable conflict between the old law and the new. [State ex rel. Clarke v. Wilder, 97 Mo. 27, l. c. 35, and cases there cited; State ex rel. v. Wells, 210 Mo. l. c. 620.]

Where there is not in the new statute a manifest legislative design to repeal a law then in force, the courts will, if possible, give such construction to the new law as will allow both the old and new to stand. [State ex rel. v. Stratton, 36 Mo. l. c. 429, and cases there cited.]

By the very words of section 5313, supra, if a defendant fails to perfect his appeal in the time required by that section he may, nevertheless, avoid the dismissal of his appeal when the Attorney-General has moved in that behalf, by showing to the satisfaction of the court "good cause" for not perfecting his appeal within the statutory period. What will constitute good cause has wisely been confided to the judgment of the Supreme Court, which tribunal will determine the same on the particular facts presented to it in each case.

Before section 2029 was amended by the Act of 1911, if an appellant had shown to the satisfaction of this court that, after due diligence on his part, he was unable to file a transcript of the record because the official stenographer or clerk had not acted in a timely manner, this court would have refused to sustain a motion to dismiss his appeal.

We see no reason why section 2029, as amended in 1911, does not apply to appeals in criminal cases, in so far as it permits the filing of bills of exceptions after the time granted by the trial court for such filing has expired, provided such failure does not grow out of any act of omission on the part of appellant. Such construction does not conflict with the provisions of section 5313, supra, which still stands in full force. When, as here, the Attorney-General's motion to dis-

miss is filed, the appellant, if in default in perfecting his appeal, must make a satisfactory showing that he has been unremitting in his diligence to perfect his appeal within the twelve-month period after it was granted.

In the recent case of State v. Pieski, 248 Mo. 715, the acts which constitute the perfection of an appeal in a felony case were recited, and we adhere to what was said in that case. However, what was there said related chiefly to the nonpayment of the docket fee, the principal issue in that case. In said Pieski case (248 Mo. 715) we stated that the defendant's application to prosecute his appeal as a poor person "ought to be made before the lapse of the one-year period." The defendant's application in the case at bar was made four days before the year had expired, and was in time.

The rule of this court permitting defendant to prosecute his appeal as a poor person (by making a proper showing), and the statute (section 5313) permitting him to consume one whole year in perfecting his appeal, are very liberal and should not be expanded by judicial construction, for the reason that criminal laws when not administered with reasonable dispatch become a farce. When, as in this case, a defendant has not secured permission to prosecute his appeal in this court *in forma pauperis* until the time has expired for perfecting his appeal he should immediately upon securing such permission tender to the clerk of this court his transcript of the entire record, or make a satisfactory showing why he is unable to do so.

In the case at bar defendant's application to prosecute his appeal as a poor person, though filed four days within the twelve-month period, was not acted upon and sustained by this court until eight days after the year had expired; and instead of having his transcript of the entire record ready and filing same upon that date, he merely filed a certified transcript of the

record proper without, in any manner, informing the court that he intended subsequently to file a transcript of his bill of exceptions.

Under these facts we hold that defendant elected to prosecute his appeal upon the record proper alone. The facts hereinbefore recited show that the defendant did not file his bill of exceptions with the clerk of the trial court until June 10, 1914, nearly three months after the twelve-month period elapsed, and the transcript of the order showing the filing of such bill of exceptions and the transcript of the bill was not lodged in this court until August 14, 1914. This second transcript shows that it was certified by the clerk of the trial court on July 14, 1914, a month before it was filed here.

Upon the above facts, when the motion to dismiss his appeal was filed, the defendant, after due notice, made no showing whatever tending to indicate diligence on his part, but merely filed suggestions in opposition to the motion, in which he asserts that, under the law, he was entitled to file the transcript of his bill of exceptions at any time within thirty days before the cause was reached on our docket. His insistence cannot be sustained, and the motion to dismiss, in so far as it relates to defendant's right to a review of the alleged errors noted in his bill of exceptions, will be sustained.

However, the transcript of the record proper having been filed at the time he was granted the right to prosecute his appeal as a poor person entitles him to a hearing upon the record proper. After a careful examination of the same we find no errors therein. The judgment is, therefore, affirmed.

*Walker, P. J.,* and *Faris, J.,* concur.