# THE STATE v. ROBERT CANTRELL, Appellant.

### Division Two, October 31, 1919.

1. **APPEAL: Not Perfected Within A Year: Dismissal.** An appeal from a judgment adjudging appellant guilty of murder in the second degree, which is not perfected within one year, must be dismissed upon the motion of the Attorney-General; and a filing in the Supreme Court of a certified copy of the bill of exceptions only, is not a perfecting of the appeal.

2. ———: ———: ———: **Supplying Lost Record.** The trial court has power, even after appeal taken, to supply a lost indictment or other lost record; and while it is the duty of the clerk to make up the transcript in a criminal case, it is the duty of appellant to see to it that the clerk acts in a timely way, and to take steps

to supply a lost or destroyed document or record in the case; and where he files in the Supreme Court only a bill of exceptions, and does not, until after the Attorney-General has filed a motion to dismiss his appeal on the ground that he had not perfected it within one year, make any attempt to supply the lost indictment and other original files, and makes no showing and exhibits no diligence why he has not done so within the time prescribed by the statute, his appeal will be dismissed.

Appeal from Wright Circuit Court.—*Hon. C. H. Skinker,* Judge.

DISMISSED.

*George C. Murrell* and *L. O. Neider* for appellant.

*Frank W. McAllister,* Attorney-General, *Henry B. Hunt,* Assistant Attorney-General, for respondent.

FARIS, J.—Defendant, convicted in the Circuit Court of Wright County of murder in the second degree, for that, as it was alleged, he had shot and killed one Samuel McAllister has, after the usual motions, appealed. The State, by the Attorney-General, prosecuting in this behalf its pleas, has filed its motion to dismiss this appeal.

The circumstances of the homicide of which defendant was convicted are therefore not material to the question confronting us, which is: Should this appeal be dismissed for the failure of the defendant to perfect it within twelve months after it was granted? [Sec. 5313, R. S. 1909.] In full the section of the statute relied on by the State reads thus:

"If any person taking an appeal to the Supreme Court, on a conviction for a felony, other than those wherein the defendant shall have been sentenced to suffer death, shall fail to perfect the appeal within twelve months from the time the appeal is granted, the Attorney-General may file his motion before the Supreme Court asking that the appeal may be dismissed, whereupon the court shall make an order that the

appeal be dismissed, unless the defendant shall show to the satisfaction of the court good cause for not perfecting his appeal.''

The Attorney-General, invoking the application of the statute supra, moves the dismissal of defendant's appeal upon the below facts:

The appeal was granted on the 4th day of April, 1918. On the 22nd day of March, 1919, defendant caused to be filed in this court (Secs. 5308, 5309, R. S. 1909; State v. Pieski, 248 Mo. 715) a certified copy of the bill of exceptions. Neither ''a full transcript of the record in the case,'' nor the ''judgment and sentence,'' as the statute requires (Sec. 5308, supra), was included among the documents so caused to be filed. This status inured till after the expiration of the twelve-months period limited by Section 5313, supra; upon which, and on the 14th day of April, 1919, the Attorney-General filed his said motion to dismiss the appeal. Pending this motion, and evidently being spurred to some action thereby, defendant suggested diminution of the record and prayed for our order in *certiorari* to the Circuit Court of Wright County to send up a true, complete and correct copy of the record in this cause. This writ issued and in return thereto the clerk of the Wright County Circuit Court certified and sent up to us the entire record proper in this case, save and except the ''original files'' as his return shows, all of which files, including (so far as is lacking for the uses of this review) the indictment, the return says, are lost and cannot be found, and therefore are not included in the record sent up to us. Other orders, not pertinent to the point before us, were made by this court, and which therefore, lest they obscure the one salient question, it is not necessary to set down here.

Thus stand the record and the facts on the record before us. Upon these facts should the motion of the State to dismiss this appeal to be sustained?

It is obvious, we think, that the question in the final analysis resolves itself into the query whether the

duty incumbent upon defendant of perfecting his appeal in twelve months (Sec. 5313, supra) and of causing a full transcript óf the record to be filed here within that time, carries with it the further duty of supplying lost documents which are vital to an appeal. We have reached the conclusion that it does include such a duty, in a criminal case, in the light of the provisions of Sections 5309 and 5313, supra. [State v. Pieski, supra.] There is no doubt any longer existing as to the inherent power of the circuit court to. permit the supplying of a lost indictment, which, as we have seen, is the only pertinent document missing in the instant case. Nor is there any doubt that the circuit court which tries a case subsequently appealed has ample power to supply lost papers in the case after the appeal is taken and while the appeal is pending here and, to such end and extent at least, retains jurisdiction in the case. So much being settled law, it is clear that there rests upon some one the duty of supplying this lost indictment, in order that appellate review may be had. Ought this duty to be saddled upon the State, which prevailed below, or upon the defendant, who seeks to nullify the judgment *nisi* upon the ground of alleged error occurring on the trial? Clearly, we think, upon defendant who seeks to fasten error upon the trial court, rather than upon the State which is the prevailing party and in whose favor the presumption of right action operates.

While by statute the duty rests upon the clerk to make up the transcript, the duty is yet upon the appellant, perforce Sections 5309 and 5313, supra, to see to it that the clerk acts in a timely way. [State v. Pieski, 248 Mo. 715.] Moreover, it is plain that the clerk is powerless to supply a lost or destroyed document in the case. [Dougherty v. Ringo, 7 Ky. L. 360; Mayo v. Emery, 103 Ky. 637.] Therefore, again we say both the reason of the thing and the ruled cases (Fellheimer v. Eagle, 79 Ark. 201; In re Haywood, 154 Calif. 312; Wolf v. Smith, 6 Ore. 73) saddle this

duty upon the party who avers error in the trial *nisi*. In the case of Fellheimer v. Eagle, supra, the Supreme Court of Arkansas said: "When a part of the record in the case has been lost or destroyed before a transcript thereof has been made for this court, it is the duty of the appellant by appropriate proceedings in the trial court, to reinstate the record." Reading Section 5309, supra, as construed by us (State v. Pieski, supra), in the light of Section 5313, supra, we are constrained to hold that it was the duty of defendant in the instant case to perfect his appeal in the statutory twelve months set out in the section last. supra, by supplying the lost indictment; and that, failing to do so, he has thereby failed to perfect his appeal within the time limited by law and the motion of the State to dismiss ought to be sustained.

We are not saying that defendant could not by a timely and appropriate proceeding or showing under the broad provisions of said Section 5313, save dismissal or obtain time beyond the allotted twelve months within which to supply lost documents and enable him to perfect his appeal. But he has taken no steps, made no showing, and exhibited no diligence or interest whatever in this matter.

So far as our researches have extended, the peculiar facts of the instant case are *res integra* in this State. A case bearing in remote principle some analogy to the situation now before us, is that of Campbell v. Greer, 197 Mo. 463, wherein the case, which was a civil suit, was reversed and remanded here because the pleadings were lost and no efforts had been made to supply them. We think it is enough to say as a reason for distinguishing the Campbell-Greer case from the instant case, that in the former there was no statute requiring the perfecting of the appeal in a fixed time under penalty of dismissal for a failure to do so.

Let the appeal be dismissed. All concur.