## THE STATE v. LEWIS BROWN, Appellant.

Division Two, January 6, 1925.

1. **APPEAL: Defective Transcript: Record Proper.** Where the transcript shows nothing more of the record proper than a recital that the case came on to be heard by a special judge and a jury, there is nothing to review on appeal.

2. ———: ———: ———: **No Motion for New Trial: Transcript of Evidence.** Unless the transcript of the record proper shows that a motion for a new trial was filed, a transcript of the evidence cannot be considered. The record proper must show a filing of the motion for a new trial, the motion in arrest of judgment, motions to quash, motions to make more specific and other motions, and unless it so shows, none of them, or the bill of exceptions, is for consideration on appeal.

3. ———: ———: ———: **Bill of Exceptions.** The record proper should show the filing of the bill of exceptions; and the bill itself, in addition to the signature of the judge approving it, should show the certificate of the clerk.

Criminal Law, 17 C. J., Section 3385, p. 112, n. 20; Section 3414, p. 125, n. 27, 29; p. 126, n. 31 New; Section 3420, p. 129, n. 78, 79; Section 3433, p. 146, n. 59, 60, 61; Section 3441, p. 158, n. 7; Section 3467, p. 177; n. 85; Section 3468, p. 178, n. 96.

Appeal from Douglas Circuit Court.—*Hon. E. P. Dorris,* Judge.

DISMISSED.

*J. S. Clarke* for appellant.

*Robert W. Otto,* Attorney-General, and *James A. Potter,* Special Assistant Attorney-General, for respondent.

WALKER, P. J.—The appellant was charged in an information filed by the Prosecuting Attorney of Douglas County with the unlawful and felonious sale of moonshine. Upon a trial he was convicted and his punishment assessed at two years' imprisonment in the penitentiary. From this judgment he appeals.

There is nothing in the transcript of the proceedings of the trial court which we are authorized, under the rules of procedure, to review. Aside from a copy of the information and an entry that the cause came on to be heard by a special judge and a jury, there is an utter absence of those formal and requisite entries which constitute the record proper. This is followed by a transcript of the testimony, an examination of which is precluded because there is no record entry showing the filing of the motion for a new trial which is as much a part of the record proper as that showing the filing of the bill of exceptions or any other act, entry, order or judgment of the court during the course of the hearing and required by orderly procedure to be entered on the court's minutes. Only such entries can be manifested by the record proper and a recital of same in the bill of exceptions will avail nothing towards entitling the appellant to a review on appeal. We have uniformly held that the record proper should show the filing of the motion for a new trial, motions in arrest of judgment or to make more specific, etc.; and if such record does not show these facts that the motions are not here for consideration. [State ex rel. v. Woods, 234 Mo. l. c. 23, and cases.] In addition, other than the recitals in the bill itself, there is no record showing that the bill was ever filed. A bill can-

not certify to its own integrity. There is, therefore, nothing before us, except such portion of the record proper as we have noted. [Bower v. Daniel, 198 Mo. l. c. 317 and cases.] Other cases equally affirmatory of our limitations in appellate proceedings are: St. Charles ex rel. Budd v. Deemar, 174 Mo. 122; Scott v. Smelting Co., 187 Mo. App. l. c. 356; Crossland v. Admire, 149 Mo. 650; Hill v. Combs, 92 Mo. App. 242. In the Hill case, SMITH, P. J., with discriminating care, reviews and distinguishes the opinions then rendered on this subject, reaching the conclusion we have indicated in stating the rule.

The defects noted are not the only ones which mar this record. While the trial judge has signed what purports to be the bill of exceptions, the clerk of the court has not, in compliance with the statute (Sec. 4102, R. S. 1919, as amended Laws 1925, p. 199), appended his certificate.

Our only province in view of the condition of this transcript is a dismissal of the appeal. It is so ordered. All concur.