THE STATE v. LELIE McCOWAN, Appellant.—14 S. W. (2d) 558.

Division Two, March 2, 1929.

*Don C. Carter* for appellant.

*Stratton Shartel,* Attorney-General, and *Hibbard C. Whitehill,* Special Assistant Attorney-General, for respondent; *A. C. Whitson* of counsel.

HENWOOD, C.—Lelie McCowan (appellant) and his sister, Ethel McCowan, were jointly charged, in the Circuit Court of Boone County, with the unlawful possession of intoxicating liquor. The venue was changed to the Circuit Court of Audrain County, and, upon the trial of the case in that jurisdiction, the jury acquitted Ethel McCowan, but convicted Lelie McCowan and assessed his punishment at a fine of $900. He was granted an appeal to this court because, in his motion to suppress evidence, he alleges the violation of his constitutional rights in connection with the search and seizure out of which this prosecution arose.

The appeal was taken on March 24, 1927, and the transcript of the record was filed in this court on March 21, 1928. The case was docketed for hearing on October 10, 1928, and on September 1, 1928, the Attorney-General filed. a motion to dismiss the appeal, on the ground that the appeal was not perfected within six months from the time it was granted, as provided in Section 4108, Revised Statutes 1919. The case was briefed and argued on the merits by both sides, and the motion to dismiss the appeal was taken as submitted with the case.

Appellant has made no attempt to show good cause for the delay in perfecting his appeal, but, in opposition to the motion to dismiss his appeal, makes two contentions: first, that inasmuch as the appeal was allowed to this court, appellant was entitled to twelve months within which to perfect his appeal, as provided in Section 4107, Revised Statutes 1919, in all felony cases, except cases in which the death penalty is assessed; second, that, if the case is to be taken as a misdemeanor case, there is no authority for the dismissal of the ap-

peal, except upon motion of the prosecuting attorney in the trial court, as provided in Section 4108.

The statutes read as follows:

"Sec. 4107. If any person taking an appeal to the Supreme Court, on a conviction for a felony, other than those wherein the defendant shall have been sentenced to suffer death, shall fail to perfect the appeal within twelve months from the time the appeal is granted, the attorney-general may file his motion before the Supreme Court asking that the appeal may be dismissed, whereupon the court shall make an order that the appeal be dismissed, unless the defendant shall show to the satisfaction of the court good cause for not perfecting his appeal.

"Sec. 4108. If any person taking an appeal from the circuit court, criminal court or court of criminal correction on a conviction for a misdemeanor, shall fail to perfect the appeal within six months from the time the appeal is granted, the prosecuting attorney may file his motion before the court in which the conviction was had, asking that the appeal may be dismissed and the order granting the appeal be set aside; whereupon the court shall make an order that the appeal be dismissed and the order granting the appeal be set aside and for naught held, unless the defendant shall show to the satisfaction of the court good cause for not perfecting his appeal, in which case the court may overrule the motion, and from the date of making such order dismissing the appeal, the judgment shall be and remain in force the same as if no appeal had been granted.

It is apparent at once that appellant was not entitled to twelve months within which to perfect his appeal in this case. Under the express provisions of Section 4107, defendants are given twelve months within which to perfect appeals in this court only in *felony* cases, except cases in which the death penalty is assessed. This case is here on appeal solely because the construction of a provision of the Constitution of this State is involved (Sec. 12, Art. VI, Const. of Mo.), and the offense with which appellant is charged and for which he has been convicted, the unlawful possession of intoxicating liquor, being a *misdemeanor* (Sec. 6588, Laws 1921, p. 414; Sec. 22, Laws 1923, p. 243), it must be conceded that appellant was entitled to six months, and no more, within which to perfect this appeal, in the absence of a satisfactory showing of good cause for the delay, as provided in Section 4108. This court has expressly held that Section 4107, which provides for the perfecting of appeals in felony cases within twelve months, is mandatory in its terms, and that the only limitation on its enforcement is a satisfactory showing of good cause for not perfecting such appeals within the time prescribed. [State v. Leonard, 250 Mo. 406, 157 S. W. 305; State v. Wade, 253 Mo. 345, 161 S. W. 680; State v. Moulton, 262 Mo. 137, 170 S. W. 1111.]

Section 4108, which provides for the perfecting of appeals in misdemeanor cases within six months, unless good cause is shown for delay, must be construed in the same way and for the same reason, and accordingly we now hold that it is mandatory in its terms, as to the time prescribed for perfecting appeals in misdemeanor cases.

We are also unable to agree with appellant in the contention that appeals in misdemeanor cases are subject to dismissal, for failure to perfect the same within six months, only upon the motion of the prosecuting attorney in the trial court. True, the statute (Sec. 4108) does say that the prosecuting attorney "may" file such a motion in the trial court. That provision, in our opinion, was intended to authorize such action in the trial court at any time after the expiration of six months from the time the appeal was granted and before a certified transcript of the record is filed in the appellate court, but was not intended as exclusive authority for such action in all events and under all circumstances. Upon the filing of a certified transcript of the record in the appellate court, the trial court loses jurisdiction of the case, and cannot, under such circumstances, dismiss the appeal. And when a misdemeanor case is so lodged in this court or any of our courts of appeal, this court and our courts of appeal have the jural power to dismiss the appeal if, as clearly appears in this case, the appeal has not been perfected within the time prescribed by law. This, we think, is the proper construction of the statute in question (Sec. 4108). To construe it as appellant suggests would cut off the right of the State to have an appeal in a misdemeanor case dismissed in the appellate court for failure to perfect the same within the time prescribed by law. In this connection, see ruling of the St. Louis Court of Appeals in State v. Carr, 270 S. W. 121, 123. The ruling of the Kansas City Court of Appeals in State v. Hall, 250 S. W. 636, 637, and other rulings of our courts of appeal in conflict with our ruling in this case, should no longer be followed. The motion to dismiss this appeal being one that may be properly filed and considered in this court, as we have held, the Attorney-General was unquestionably the proper officer to file and present this motion in this court. [Sec. 695, R. S. 1919.]

It follows that the motion to dismiss the appeal should be sustained. The appeal is accordingly dismissed. *Higbee* and *Davis, CC.,* concur.

PER CURIAM:—The foregoing opinion by HENWOOD, C., is adopted as the opinion of the court. All of the judges concur.