THE STATE v. JESS HARBESTON, Appellant.—51 S. W. (2d) 533.

Division Two, June 10, 1932.

800

*Stratton Sharlet,* Attorney-General, and *Walter E. Sloat,* Assistant Attorney-General, for respondent.

HENWOOD, J.—The defendant was charged with grand larceny by an information filed in the Circuit Court of Howell County. The venue was changed to the Circuit Court of Oregon County, where the case was tried before Honorable John E. Duncan, judge of the 38th Judicial Circuit, as special judge, the regular judge of the Circuit Court of Oregon County having been disqualified. The jury found the defendant "guilty as charged in the information" and assessed his punishment at imprisonment in the penitentiary for two years. He was sentenced accordingly, and in due course appealed.

A transcript of the record proper was filed in this court on December 9, 1931, and appended thereto is the certificate of the clerk of the Circuit Court of Oregon County, in which the clerk certifies that said transcript contains "a true copy of the information, as shown in the files, and a true copy of the record in the cause therein named, as the same appears of record in Circuit Court Record Number 17 at pages 340, 361, 369 and 370" in his office. This much of the record is properly before us for our review. [State v. Miller, 322 Mo. 1199, 18 S. W. (2d) 492; State v. Keller, 304 Mo. 63, 263 S. W. 171] Among the files in this court is a separate document which purports to be an original bill of exceptions, purporting to have been signed by John E. Duncan, as special judge, on December 11, 1931, and purporting to have been filed in the Circuit Court of Oregon County on December 12, 1931. The record proper does not show that any bill of exceptions was filed in the trial court, and the purported bill of exceptions has not appended to it, nor does it anywhere contain, a certificate of the clerk of the Circuit Court of Oregon County as to its genuineness, correctness or authenticity. For these reasons the purported bill of exceptions is not reviewable by this court. An original bill of exceptions does not authenticate itself, and should not be filed in an appellate court. In order that a bill of exceptions may be reviewable by an appellate court a certified copy thereof should be included in and made a part of the transcript of the record. [Secs. 3756, 3757, R. S. 1929; State v. Miller, supra; State v. Kelsay (Mo. Sup.), 18 S. W. (2d) 491; State v. White, 315 Mo. 1276, 288 S. W. 18.]

The defendant has filed no brief. Nevertheless, we have carefully examined the record proper. The information is sufficient in every particular, the verdict is responsive to the information, and the judgment is in approved form. We find no error in the record proper.

The judgment is affirmed. All concur.