THE STATE v. L. A. Ross, Appellant.—69 S. W. (2d) 293.

Division Two, February 23. 1934.

*Roy McKittrick*, Attorney-General, and *Olliver W. Nolen*, Assistant Attorney-General, for respondent.

COOLEY, C.—In the Circuit Court of Oregon County appellant was convicted of rape for having carnally known a female under the age of sixteen years and was sentenced to two years' imprisonment in the penitentiary. He has filed no brief in this court. The evidence set forth in what purports to be a bill of exceptions filed here is sufficient to sustain the conviction but for reasons hereinafter appearing we are precluded from considering said purported bill of exceptions, hence refrain from setting out said evidence.

The transcript of the record certified to and filed in this court shows the record and proceedings of the trial court for only one day, viz., February 27, 1933, the day on which the trial was held and the appeal taken. It shows the convening of the court that day; the calling of the case for trial, both parties answering ready; that a jury was empaneled and sworn and a trial had; that the jury returned a verdict of guilty, which is set out, assessing defendant's punishment at two years' imprisonment in "State prison;" that defendant filed a motion for new trial which was overruled; that he was then given allocution and sentenced; and that he thereupon applied for and was granted an appeal to this court. All those record entries appear under date of February 27, 1933. Following those record entries appears this certificate:

"State of Missouri}
"County of Oregon{ ss.

"I, L. Dan Cline, Clerk of the Circuit Court in and for said County, hereby certify that the above and foregoing to be a true Copy of the proceedings of our said Circuit Court, on the day and year above written, as the same appears of record in my office.

"IN TESTIMONY WHEREOF, I have hereunto set my hand and

affixed the seal of said Court at my office in Alton, Missouri, this the 10th day of April, 1933.

"(Signed)    J. DAN CLINE,

"(SEAL)

"Clerk of the Circuit Court of Oregon County, Missouri."

Attached to the back of that transcript but not referred to therein we find what we suppose is a copy of the information. It is partly printed, partly, including signatures, typewritten. The typewritten copy of what appears to be the circuit clerk's filing endorsement indicates that the paper of which it is probably a copy was filed February 23, 1933. It is not certified by the circuit clerk to be a copy of the information nor in any manner authenticated as such, is not included in the circuit clerk's certification and the certified transcript does not show that any information was ever filed. Neither does it show that a bill of exceptions was ever filed.

██ The above mentioned transcript was filed in this court April 28, 1933. On September 1, 1933, there was filed here what purports to be the original bill of exceptions, signed by the judge who tried the cause, filed in the circuit clerk's office according to a filing mark on the back thereof on August 30, 1933. It does not have attached to it nor does it contain any certificate of the circuit clerk as to its correctness or authenticity. It of course is not included in the clerk's transcript filed here April 28, being a separate document filed here at a later date, and apparently was not on file in said clerk's office when said transcript was made. In these circumstances it is well settled that we cannot consider the purported bill of exceptions as part of the record. As we said in State v. Kelsay, 18 S. W. (2d) 491, on similar facts:

"The purported bill of exceptions does not prove itself, and, in the absence of a certificate of the circuit clerk as to its authenticity, we are prohibited from considering the same or from passing on matters of exception or the merits of the cause." [See, also, State v. White, 315 Mo. 1276, 288 S. W. 18; State v. Harbeston, 330 Mo. 799, 51 S. W. (2d) 533; State v. Thomas, 331 Mo. 299, 53 S. W. (2d) 266; State v. Brown, 312 Mo. 340, 279 S. W. 98.]

██ If we had before us a complete transcript of the record proper it would be our duty to examine that record and, if we found it sufficient, to affirm the judgment. But, as affirmatively appears from the circuit clerk's certificate, we have only a transcript of a portion of the record. It does not show whether or not an information was filed or an indictment returned, without one or the other of which there could be no valid trial or judgment. The record must show that an information was filed or an indictment returned. [State v. Barrett (Mo.), 44 S. W. (2d) 76; State v. Barr, 326 Mo. 1095, 34 S. W. (2d) 477. See, also, State v. Madden, 324 Mo. 877,

24 S. W. (2d) 1003.] The information or indictment, being record proper, should be set forth in the transcript. Without having before us a properly certified copy of the information, if one was filed, we cannot determine whether or not it is sufficient to sustain the judgment. We cannot consider the unauthenticated purported copy of the information for the same reasons which preclude us from considering the purported bill of exceptions. In this situation we have not before us enough of the record to enable us to determine whether the judgment is valid or not.

■ In criminal cases an appeal is not perfected by filing in the appellate court a certified copy of the judgment and order granting the appeal. The statute requires that a full transcript of the record be filed. [See Secs. 3756, 3757, 3761, R. S. 1929, Mo. Stat. Ann., pp. 3292, 3295, 3301; State v. Sparks, 263 Mo. 609, 173 S. W. 1057; State v. Kaiser, 318 Mo. 523, 300 S. W. 716; State v. Hall, 312 Mo. 425, 279 S. W. 102, 109; State v. McHenry (Mo.), 188 S. W. 187.] ■ Except in capital cases wherein the appeal operates as a stay of proceedings the duty rests upon the appellant to see that such complete transcript is made and certified by the clerk and filed in the appellate court. [Sec. 3757, supra; State v. Kelsay, supra; State v. Dimmick, 331 Mo. 240, 53 S. W. (2d) 262, 265; State v. Piersol (Mo.), 210 S. W. 58; State v. Cantrell, 279 Mo. 569, 216 S. W. 48; State v. Pieski, 248 Mo. 715, 154 S. W. 747; State v. Daily (Mo. App.), 27 S. W. (2d) 753.]

In State v. Barrett, supra, the transcript of record filed here did not contain a copy of the information and did not show that an information had been filed. It did show that the defendant had been sentenced without having been accorded allocution as required by Section 3713, Revised Statutes 1929, and without having been heard on his motion for new trial, which necessitated reversal even had an information been duly filed. We reversed the judgment and remanded the cause with directions to the circuit court that if the record in fact showed that an information had been duly filed the defendant should be accorded allocution, followed by proper sentence, from which he might then appeal if he so desired.

In State v. Madden, supra, the transcript certified here showed that no information had been filed in the circuit court but that the defendant had been tried upon an affidavit previously filed with a justice of the peace as the basis for a preliminary examination; and there also it appeared from the transcript that the defendant had been sentenced without having been accorded allocution and without having been afforded opportunity to be heard on a motion for new trial. The judgment was reversed and the cause remanded.

The instant case differs materially from the Barrett and Madden cases. In this case the defendant was heard on a motion for new trial and was given allocution before sentence so that if in fact there

was an information filed on which the trial could and did proceed the judgment cannot properly be reversed as was done in the Barrett and Madden cases, absent error in the trial which could only be shown by bill of exceptions. If such information was filed and is sufficient the record proper in the circuit court shows a valid judgment and there is no occasion for setting it aside and re-sentencing the defendant and we can perceive no ground on which that could properly be done. It will not do to hold that an appellant may obtain reversal of a judgment against him by his own default in failing to present to the appellate court sufficient of the record to enable such court to determine whether or not the judgment is valid. We do not consider it the duty of this court of its own motion to order the circuit clerk to send up a complete transcript. The duty of seeing that such transcript is made and filed rests upon the appellant. [State v. Daily, supra; State v. Kelsay, supra; State v. Cantrell, supra; State v. Pieski, supra; State v. Burks, 132 Mo. 363, 34 S. W. 48.]

On the incomplete record certified here we can properly neither affirm nor reverse the judgment and it appears to us our only proper course is to dismiss the appeal. For cases illustrative of the applicability of such procedure see State v. Kaiser, supra; State v. Daily, supra; State v. Brown, supra; State v. Cantrell, supra; State v. McHenry, supra; State v. Piersol, supra; State v. Fish (Mo.), 217 S. W. 19. The appeal is dismissed. *Westhues* and *Fitzsimmons*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.