248 S.W.2d 844 (1952)
STATE
v.
CERNY.
No. 42442.
Supreme Court of Missouri, Division No. 2.
May 12, 1952.
Charles M. Shaw and Clifford A. Falzone, Clayton, for plaintiff in error.
J. E. Taylor, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., for defendant in error.
BOHLING, Commissioner.
Ralph J. Cerny, hereinafter designated defendant, sued out a writ of error to review a judgment imposing a sentence of ten years' imprisonment for burglary in the second degree and five years' imprisonment (in addition to the punishment for the burglary) for larceny. Sections 560.070, 560.095, 560.110 RSMo 1949, V.A.M.S. *845 Statutory references herein are to RSMo 1949, V.A.M.S.
No issue is presented respecting the submissibility of the State's case covering the offense, which was committed in the County of St. Louis, Missouri. Defendant questions the right of the State to proceed against him under the habitual criminal law.
The amended information, upon which the trial proceeded, alleged so far as material that defendant on January 18, 1946, had been convicted in the circuit court of St. Louis, Missouri, on three charges of burglary, second degree, and duly "sentenced to imprisonment in the Intermediate Reformatory at Algoa, Missouri, for a term of three years in each cause, said sentences to run concurrently"; that he was duly imprisoned in said Reformatory in accordance with said sentences; that thereafter, on April 30, 1948, he was released therefrom "after lawful compliance with said sentence as aforesaid under commutation of said sentence"; and that he thereafter committed the instant offense on December 4, 1948.
Defendant, in his brief, makes several attacks on the State having included the Habitual Criminal Act in the charge against him. He contends it was error to permit the State to charge him with a prior conviction for burglary, second degree, under said Act (1) because his only prior conviction resulted in confinement in the Intermediate Reformatory at Algoa, Missouri; and (2) because said sentence of imprisonment was terminated "under commutation of said sentence." The following appeared opposite the caption of the amended information: "Charge: Burglary, second degree, and Larceny and Habitual Criminal Act," and defendant claims error (3) because the court failed to strike the phrase "and Habitual Criminal Act" from the information. The verdict of the jury found defendant guilty of burglary, second degree, and larceny, as charged in the information, and assessed the maximum punishment for the respective offenses; that is, ten years for the burglary § 560.095(2), and an additional five years for the larceny, § 560.110, and defendant contends the verdict is bad (4) because it should have found (but did not) that he had been "previously convicted of a felony."
We think there is no merit in the foregoing contentions.
The Habitual Criminal Act provides: "If any person convicted of any offense punishable by imprisonment in the penitentiary, * * * shall be discharged, either upon pardon or upon compliance with the sentence, and shall subsequently be convicted of any offense committed after such pardon or discharge, he shall be punished" by the maximum imprisonment provided for the offense for which he is on trial. § 556.280.
The habitual criminal law applies to a person convicted of a felony and imprisoned in the Intermediate Reformatory at Algoa, Missouri, as was defendant. State v. Hacker, Mo.Sup., 214 S.W.2d 413, 415[3]; State v. Breeden, Mo.Sup., 180 S.W.2d 684, 686[4]. See State v. Marshall, 326 Mo. 1141, 34 S.W.2d 29, 31[2]. Defendant's case of Anthony v. Kaiser, 350 Mo. 748, 169 S.W.2d 47, 48, did not involve the habitual criminal act but a different statute with materially different wording, being restricted to convicts "sentenced to imprisonment in the penitentiary."
Defendant's contention that a discharge under a commutation of sentence is not a discharge "upon pardon or compliance with the sentence" has been ruled against defendant in State ex rel. Stewart v. Blair, 356 Mo. 790, 203 S.W.2d 716, 718[1-3, 5]; State ex rel. Taylor v. Blair, 357 Mo. 586, 210 S.W.2d 1[1]. Consult State v. Montgomery, Mo.Sup., 223 S.W.2d 463, 465 [6-8]; Lime v. Blagg, 345 Mo. 1, 131 S. W.2d 583, 585; Ex parte Webbe, 322 Mo. 859, 30 S.W.2d 612, 615; Silvey v. Kaiser, Mo.Sup., 173 S.W.2d 63; Ex parte Reno, 66 Mo. 266. The commuted sentence has the same effect and the status of the prisoner is the same as though the original sentence had been for the commuted term. Ex parte Reno, supra.
There is no indication of record that any part of the information was read to the jury, and hence there is no showing that the words "and Habitual *846 Criminal Act" in the information prejudiced defendant.
The verdict did not find defendant guilty under the Habitual Criminal Act. The jury could assess the maximum punishment without finding a prior conviction. State v. Berry, 361 Mo. 904, 237 S.W.2d 91, 93. The verdict is in proper form. State v. Jones, Mo.Sup., 227 S.W.2d 713, 719[19].
The other points in defendant's brief assert error in a question asked one of defendant's witnesses and error in the giving of instruction No. 6. These issues are usually preserved for review in a bill of exceptions. We have no bill of exceptions before us, but some of the trial proceedings are certified to.
The judgment was entered December 29, 1949. On December 28, 1950, while an inmate of the penitentiary and within a year of said judgment, 2 RSMo 1949, p. 4104, Rule 1.34(c), defendant filed his petition for a writ of error and also a motion to proceed in forma pauperis. Writs of error are writs of right, § 547.080. However, we find no notice in the record to any representative of the State of defendant's motion to proceed in forma pauperis. On said December 28, 1950, defendant's motion to proceed in forma pauperis was sustained and our writ issued ordering the trial court to send up "a perfect transcript of the record and proceedings in the cause aforesaid, as fully as the same remains of record before you in said court * * *."
On March 29, 1951, an order was entered here fixing a bond for defendant at $7,500 to be approved by the trial court "and finally approved by this court." On May 28, 1951, a bond for defendant was approved, ordered filed, and defendant was released.
On June 13, 1951, there was filed here a "full, true and complete copy of all files, record entries, pleadings and proceedings in above entitled cause, as fully as same appears on file and of record in my office," duly certified to by the clerk of the trial court.
The cause was set for argument here on January 15, 1952. On January 11, 1952, a printed "Statement, Brief and Argument" was filed here on behalf of defendant by attorneys at law, including the attorney who represented him in the trial court. On January 15, 1952, the cause was argued and submitted by the State and submitted on brief by defendant.
In addition to the provisions of law governing criminal procedure, a defendant in a criminal case, if he desire, may avail himself of the provisions of law governing civil procedure to secure a review of the case in a higher court. 2 RSMo 1949, p. 4103, Rules 1.31 and 1.34. Writs of error have been abolished in civil cases, § 512.010, but are available in criminal cases, §§ 547.110, 547.120, 547.130, 485.100, Rule 1.34(c) supra. Section 512.110(1), applying to appeals in civil cases, provides: "Within the time prescribed * * *, the appellant shall cause the transcript on appeal * * * to be prepared and filed with the clerk of the proper appellate court * * *." This is not a capital case or a case wherein a stay of the judgment in a criminal case has been ordered, §§ 547.110, 547.130, and the same duty that rests upon an appellant in a civil case rests upon a defendant in an ordinary felony case to cause the transcript on appeal to be prepared and filed, § 547.120. State v. Dimmick, 331 Mo. 240, 245, 53 S.W.2d 262, 264[1, 2], states: "In other words, it makes no difference whether the case is brought up by appeal or writ of error. Either way, if the complaining party would have the higher court review matters of exception, they must be incorporated in a bill of exceptions. Both an appeal and a writ of error in criminal as well as civil cases bring up only to the record proper in the absence of a bill of exceptions." State v. Pieski, 248 Mo. 715, 718, 154 S.W. 747.
Defendant, although at liberty and represented by counsel in the trial court and here, did not discharge the obligation resting upon him to present the asserted errors for determination in a bill of exceptions under the criminal code. Nor are said asserted errors sufficiently presented in a manner permissible in civil cases for a ruling here that reversible error was committed. Defendant states in his *847 brief: "This court now has before it the record proper of the trial court." The portion of the certified record before us and referred to in defendant's brief, a memorandum by the trial court, discloses that before the question (whether witness stood charged with an offense) was finished defendant's counsel objected and the trial court sustained the objection and instructed the jury the matter was incompetent and should not be considered. This does not establish prejudicial error. The situation differs where the evidence is admitted as in cases cited by defendant. State v. Leonard, Mo.Sup., 182 S.W.2d 548, 551[8]; State v. Pine, 332 Mo. 314, 57 S.W.2d 1087, 1089 [6]. No authority is cited in support of defendant's complaint against instruction No. 6, and there is no sufficient showing to establish reversible error in giving it. State v. Dimmick, supra; State v. Mahurin, Mo.Sup., 240 S.W.2d 110; State v. Hembree, Mo.Sup., 37 S.W.2d 448, 449[2-4]; State v. Abbott, Mo.Sup., 236 S.W.2d 592, 594[2, 3, 7-9]; State v. Shepard, 334 Mo. 423, 67 S.W.2d 91, 92(I); State v. Cantrell, 279 Mo. 569, 216 S.W. 48; State v. Malloy, Mo.Sup., 254 S.W. 699.
The record certified here shows a valid information, a waiver of arraignment and a plea of not guilty; trial on the information on file, defendant's presence and representation by counsel; that the jury was impaneled and sworn and returned its verdict into court; the overruling of defendant's motion for new trial; the according of allocution, and the judgment in conformity with the verdict. This is sufficient to sustain the judgment in the absence of a showing of reversible error.
The judgment is affirmed.
WESTHUES, and BARRETT, CC., concur.
PER CURIAM.
The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.
ELLISON and LIPTON, JJ., concur.
LEEDY, P. J., concurs in result.